STATE OF NEBRASKA, APPELLEE, V. DALE D. JURGENS, APPELLANT.

192 N. W. 2d 741

Filed December 17, 1971. No. 37915.

Russell A. Strom, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Defendant appeals from a sentence following his plea of nolo contendere to a charge of motor vehicle homicide. Defendant had been charged under the misdemeanor portion of section 28-403.01, R. S. Supp., 1969. Six assignments of error are made, which blend into the following: (1) Abuse of discretion by the trial court in not placing the defendant on probation; (2) excessiveness of sentence; (3) invalidity of the sentence because it is ambiguous and the authorities charged with administering the sentence will be unable to determine accurately the termination point; and (4) invalidity of the sentence because it calls for intermittent incarceration. We determine that assignments (3) and (4) are well taken. We vacate the sentence and remand the cause for re-sentencing.

The record shows that the court imposed a sentence of a fine of $500 and imprisonment in the county jail for a period of 50 days, and as a part of the sentence ordered: ". . . that the Sheriff of Gage County, Nebraska, be permitted to let the defendant out of confinement of the County Jail commencing Friday of each week at

5:00 P.M. and defendant to return on Sundays of each week at 7:00 P.M., and that aforesaid time shall not be credited to this sentence, and that the defendant be required to serve as part of the sentence from Sunday night at 7:00 p.m. to the following Friday at 5:00 p.m., and that said 50-day sentence shall commence from this date."

At request of the defendant's counsel, after the judgment of conviction but before sentencing, a hearing was held in support of a request for probation. Both the State and defendant presented evidence. The State's evidence was confined to facts surrounding the accident. There were no eyewitnesses. The defendant, age 22 and married, testified on his own behalf, but because of amnesia resulting from the trauma of the accident he had no significant recollections covering the period from shortly before the collision until he was on his way to the hospital. The State's evidence tended to show that the defendant had driven through a stop sign at a substantial rate of speed and collided with the vehicle of the decedent who was on the favored road. The evidence presented by the defendant through numerous witnesses evidenced his good character, industry, acceptability as a probation risk, and, except for two traffic offenses, a record free of law violations. The two traffic violations were for speeding and careless driving and occurred about 4 and 5 years before the date of the charge of which he was convicted.

The penalty for the offense of which the defendant was convicted is (1) a fine not to exceed $500, or (2) imprisonment in the county jail not to exceed 6 months, or (3) both such fine and imprisonment. § 28-403.01, R. S. Supp., 1969.

Former section 29-2218, R. R. S. 1943, made the granting of probation discretionary with the trial court. In an absence of an abuse of discretion the determination of the trial court not to suspend sentence and grant probation will not be disturbed. State v. Steinhausen, 180

Neb. 778, 145 N. W. 2d 584. Likewise a sentence imposed within the limits prescribed by the statute will not be disturbed in the absence of an abuse of discretion. State v. Swiney, 179 Neb. 230, 137 N. W. 2d 808. It would appear to us that the court could in this case either grant probation or impose a sentence such as here imposed and, except for the intermittent nature of the incarceration and the ambiguous nature of the sentence, neither course would be an abuse of discretion.

The ambiguity in the sentence arises out of the provision, "that aforesaid time shall not be credited to this sentence," taken together with the rule that at common law fractional days are deemed whole days. Two interpretations are possible. The released time each weekend of 50 hours is to be served in 24-hour days and fractions thereof, or the defendant gets full credit for all fractional days of imprisonment and only the Saturday free is to be added. If the first alternative is used the defendant will be required to serve all or some part of 58 separate calendar days in jail extending over a calendar period of 68 days. In the second alternative he will be imprisoned all or part of 50 separate calendar days extending over a period of 61 days.

A sentence of imprisonment should be sufficiently certain so that in and of itself it advises the accused and those charged with its execution of its duration. 24 C. J. S., Criminal Law, § 1581, p. 560. Judges in imposing sentences should use precise language. State v. Laden, 42 N. J. Super. 540, 127 A. 2d 404; Simunov v. United States, 162 F. 2d 314.

At common law, fractions of days are ordinarily counted as full days. 86 C. J. S., Time, § 16, p. 901, footnote 7; State ex rel. Greb v. Hurn, 102 Wash. 328, 172 P. 1147, 1 A. L. R. 274; Municipal Improvement Co. v. Thompson, 201 Cal. 629, 258 P. 955; Bussey v. Hager, 82 Ga. App. 23, 60 S. E. 2d 532; Oliason v. Girard, 57 Idaho 41, 61 P. 2d 288. Although the cited cases do not involve computation of the duration of a sentence of imprisonment,

it would seem that the same rule should apply afortiori in the case of a sentence of imprisonment. It is apparent that if a court chose to impose the maximum sentence and made provision for intermittent incarceration similar to that here, it could then impose a sentence which in practical effect exceeded the maximum authorized by statute. If we assume that an intermittent sentence may be imposed it seems clear that a full day's credit must be given for each of the fractional days served. Under the circumstances here a full day's credit would have to be given for Fridays and Sundays.

The next question to be answered is, can the court impose a sentence providing for intermittent incarceration in the absence of the consent of the defendant to the interrupted nature of the term of imprisonment. We hold that it cannot. State v. Bigelow, 76 Ariz. 13, 258 P. 2d 409, 39 A. L. R. 2d 979. In the cited case under statutes similar to ours the court held that a 90-day sentence for drunk driving could not be imposed and at the same time the defendant permitted to serve it on only certain days of the week. That case came before the Supreme Court of Arizona on questions of law certified to it and the defendant sought to uphold the validity of such a sentence.

The judgment of conviction is affirmed, but the part of the judgment imposing sentence is reversed and the cause is remanded to the district court for the purpose of resentencing.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.