STATE OF NEBRASKA, APPELLEE, v. LUCIA GRECO, APPELLANT.
205 N. W. 2d 550

Filed March 23, 1973. No. 38650.

Schrempp & Bruckner, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The defendant, aged 20, pled guilty to the unlawful possession of a controlled substance, amphetamines. An earlier plea of not guilty was withdrawn and a guilty plea entered as a consequence of plea negotiations between the defendant's counsel and the prosecutor. The bargain was that for the plea of guilty the prosecutor

would dismiss a charge of a like offense allegedly committed while she was free on bond from and 3 weeks after the offense to which the plea was entered. The bargain was that the second charge would be dismissed and the prosecutor would not oppose probation. The bargain was kept.

The court made a determination of the voluntariness of the plea of guilty and the existence of the factual basis for it, and accepted the plea and imposed a sentence of 1 to 2 years in the State Reformatory for Women. A presentence report had been made and it recommended against probation.

Several assignments of error are made, but the substance of them is that the trial court abused its discretion in denying probation. We have carefully examined the record, including the presentence report and the sworn statements of witnesses furnished by the defendant's counsel in support of the request for probation. Having done so we cannot come to the conclusion that the trial court abused its discretion in denying probation. State v. Jurgens, 187 Neb. 557, 192 N. W. 2d 741.

AFFIRMED.

McCOWN, J., dissenting.

A. B. A. Standards Relating to Sentencing Alternatives and Procedures, standard 2.2 provides: "The sentence imposed in each case should call for the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant."

Standard 2.3(c) provides: "A sentence not involving confinement is to be preferred to a sentence involving partial or total confinement in the absence of affirmative reasons to the contrary." That standard has been adopted by this court. State v. Shonkwiler, 187 Neb. 747, 194 N. W. 2d 172.

Commentary e, to standard 2.3(c), at page 72, emphasizes the preference for probation, particularly in the case of first offenders, and especially where there is less

than a realistic program of rehabilitation provided in the confinement institution.

In this case, a 20-year-old woman, with no prior criminal record of any kind except for one traffic offense, pleaded guilty to a charge of possession of a controlled substance (amphetamines). The State made no recommendation, but agreed that it would not resist an application for probation. None of the affirmative reasons justifying total confinement set out in the Standards Relating to Sentencing Alternatives and Procedures are present here. It is highly improbable that a year of imprisonment will be more effective in protecting society or in rehabilitating the defendant drug user than would probation under reasonable conditions and restrictions for a proper term, and imprisonment would be considerably more expensive. Under the A. B. A. Sentencing Standards adopted by this court, probation should have been granted here.