MAGNUS KRISTENSEN, APPELLEE, V. NORMAN REESE, APPELLANT.

371 N.W.2d 319

Filed August 2, 1985.   No. 85-128.

Frank Roubicek, for appellant.

Vince Kirby, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The plaintiff, Magnus Kristensen, commenced this action to recover the damages his 1973 Ford pickup sustained when it was involved in an accident on December 13, 1982, with a vehicle operated by the defendant, Norman Reese. The county court

found for the plaintiff in the amount of $1,750, and the district court affirmed. The sole issue on this appeal is whether the evidence supports the award of damages.

At trial the plaintiff testified that immediately prior to the accident the value of his pickup was $1,800, that as a result of the accident the pickup was damaged beyond repair, and that immediately after the accident the value of his pickup was $50. The plaintiff further testified that he determined the pickup was a total loss after he "had a body man, Neil Retzlaff (phonetic), I believe his last name is, from Wausa who owns a body shop there, look at it." The defendant did not offer any contradictory evidence.

In *Jeffres v. Countryside Homes, ante* p. 26, 30, 367 N.W.2d 728, 731 (1985), this court said:

> In this case it cannot be said that there was not sufficient competent and relevant evidence presented. For instance, the appellee, the owner of the mobile home, testified as to its value. While the rule may be different in the case of realty, at least with respect to personal property such as the mobile home in question, the law is well settled that the owner of personalty is qualified to express an opinion of its value solely because of her status as owner. *Peck v. Masonic Manor Apartment Hotel*, 203 Neb. 308, 278 N.W.2d 589 (1979). Cf. *Langfeld v. Department of Roads*, 213 Neb. 15, 328 N.W.2d 452 (1982).

The plaintiff's testimony concerning the value of his pickup was properly received.

In a case tried to the court without a jury, there is a presumption that the trial court, in reaching its decision, considered only evidence that is competent and relevant, and this court will not overturn such a decision where there is sufficient material, competent, and relevant evidence to sustain the judgment. *Jeffres v. Countryside Homes, supra*; *State v. Tomes*, 218 Neb. 148, 352 N.W.2d 608 (1984).

The judgment of the district court is affirmed.

AFFIRMED.