REQUESTED BY: Jim Joneson, Executive Director Nebraska Commission on Law Enforcement and Criminal Justice
1: May Type I or Type II facilities be used to house work release inmates for more than twenty-four or ninety-six hours respectively?
2: May each work day of a work release prisoner be treated as a separate incarceration?
1: No.
2: No.
1.
Neb.Rev.Stat. § 83-4,124 provides that it is the declared policy of the State of Nebraska that all criminal detention facilities in the state shall conform to certain minimum standards. In an earlier opinion 1985 — 139, dated October 25, 1985, we concluded that the minimum jail standards are applicable to work release facilities.
The various types of facilities are set out in Neb.Rev.Stat. § 83-4,125 and the classification of the facility is dependent upon the length of detention.
The standards which are applicable to the various types of facilities recognize and are intended to address the distinction between long-term or short term detention. Length of detention then is the determinative factor. No distinction is found in the statutes which recognizes the number of hours per day actually spent in the facility. To attempt to draw a distinction based on the actual number of hours spent within the confines of the facility would appear to thwart the intent of the statutory scheme.
2.
The length and terms of incarceration are determined by the court and in the typical situation a term of incarceration commences on the first day and continues until the judgment is satisfied.
The usual rule regarding sentencing is that ordinarily sentences are to be served continuously rather than in installments. C.J.S. Criminal Law, Section 1995(1). In the typical situation a term of incarceration or imprisonment commences on the first day of imprisonment and continues for the required time necessary to satisfy the judgment.
The Nebraska Supreme Court has held that each fraction of a day is to be counted as a full day in computing time as it relates to sentences. State v. Jurgens, 187 Neb. 557,192 N.W.2d 741 (1971). In the same decision our court held that an intermittent type sentence may not be imposed without the consent of the defendant.
Neb.Rev.Stat. § 29-2262(2b) does, however, recognize intermittent imprisonment as a term of probation. Whether the defendant is sentenced to imprisonment or is given intermittent jail time as a condition of probation is a matter which is determined in the first instance by the court at the time of sentencing. Construing a 30 day jail sentence to be 30 one day incarcerations would appear to usurp the judicial function.
Work release programs as recognized by the statutes are permissive in nature and are construed as permission to leave the physical confines of the facility. Neb.Rev.Stat. § 47-401 provides in part:
Any person . . . upon conviction . . . may be granted the privilege of leaving the jail. . . .
The permission is granted only upon petition to the sentencing court and is granted at the discretion of the court and may be withdrawn without notice. For all purposes, the individual is considered as being in "custody" and subject to the authority of the court and jail facility. This interpretation is supported by the reference to "prisoner" by the various statutes dealing with work release authorizations. See, Neb.Rev.Stat. § 47-401 to 47-411.
In conclusion, it appears that the intent of the statutes may not be avoided and that each sentence should be considered as one continuous period of incarceration.
Respectfully submitted,
ROBERT M. SPIRE Attorney General
William L. Howland Assistant Attorney General