STATE OF NEBRASKA, APPELLEE, V. RICKY COLLINS, APPELLANT.
510 N.W.2d 330

Filed March 23, 1993.   No. A-92-276.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HANNON, IRWIN, and MILLER-LERMAN, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Ricky Collins appeals one of the terms of his 2-year probation, which was imposed after he entered a guilty plea to an amended information charging him with "attempt[ing] to receive, retain, or dispose of stolen movable property of [another] knowing or believing that it had been stolen, to wit: Band Equipment . . . being valued at over $1,000.00 . . . ." As a term of probation, appellant was ordered to pay restitution.

Appellant was originally charged with "theft by receiving stolen property over one thousand dollars," which carries a possible penalty of not less than 1 nor more than 20 years' imprisonment, a $25,000 fine, or both. See, Neb. Rev. Stat. §§ 28-517, 28-518, and 28-105 (Reissue 1989). Pursuant to a plea agreement, Collins entered a plea of guilty to attempted theft by receiving stolen property in an amount of more than $1,000. On that charge, he could have been sentenced to 5 years in jail, fined $10,000, or both, since the attempted theft charge was a Class IV felony. See, §§ 28-517, 28-518, 28-105, and Neb. Rev.

Stat. § 28-201 (Reissue 1989).

In summary, Collins claims the trial court, in imposing probation, erred by abusing its discretion in ordering him to pay restitution in the amount of $1,450, because "the record lacks sufficient documentation of the victim's losses." Appellant has timely appealed to this court the sentence imposed by the district court.

A study of the transcript and bill of exceptions discloses other errors which require that the sentence be vacated and that the cause be remanded to the district court for resentencing of appellant in consonance with this opinion. Specifically, the probation order was improperly imposed because it failed to establish the amount of restitution that appellant must pay. In addition, the trial court improperly delegated to the probation office the task of determining the amount of restitution appellant must pay pursuant to the probation order.

## II. FACTUAL BACKGROUND

On December 17, 1991, Collins appeared with his court-appointed counsel in the district court for Douglas County and entered a plea of guilty to the amended charge of attempted theft by receiving stolen property over $1,000. Sentencing was deferred, and the court ordered that a presentence investigation be conducted.

Collins appeared on March 4, 1992, with his attorney. Allocution was made by appellant's counsel, in which he sought a probationary sentence for appellant. The court then announced that it would impose a sentence of 2 years' probation, which included among its terms that appellant perform 100 hours of community service work and that he be subject to discretionary drug testing by his probation officer. The judge then went on to state:

> The other thing is I'm not going to fine you because I'm going to order restitution. Right now it appears restitution, according to the State, but from the victim, is like $1,450.
>
> THE DEFENDANT: Fourteen hundred —
>
> THE COURT: Fourteen hundred and fifty dollars, yes, that's what I get by adding up the four items on here.

[Defense counsel]: I think the four items were returned.

THE COURT: Well, according to this, he has received nothing.

[Probation officer]: We'll check it out and make the appropriate arrangements over the course of the probation.

THE COURT: At this point, what I have from this is $1,450. It may not be when all is said and done by the time the probation office checks it out. I want you to understand that you will make restitution.

The provision of the court's written order which addressed the issue of restitution supports the notion that in fact the amount of restitution had not been determined when the sentence was imposed. Specifically, term No. 7 of the probation order reads as follows: "To pay Court Costs of $ 158.85 ; to pay fine of $ N/A or restitution in the amount of $ to be determined as directed by the probation office."

### III. SCOPE OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Smith*, 240 Neb. 97, 480 N.W.2d 705 (1992); *State v. Wounded Arrow*, 240 Neb. 44, 480 N.W.2d 205 (1992). A restitution order under Neb. Rev. Stat. § 29-2280 et seq. (Reissue 1989) is a criminal penalty imposed as punishment for a crime. *State v. Duran*, 224 Neb. 774, 401 N.W.2d 482 (1987). The rule that a sentence will not be disturbed on appeal absent an abuse of discretion is applied to the restitution portion of a criminal sentence, and the standard of review for restitution is the same as it is for other parts of the sentence. See, *State v. McLain*, 238 Neb. 225, 469 N.W.2d 539 (1991); *State v. Yost*, 235 Neb. 325, 455 N.W.2d 162 (1990). Plain error may be noted by an appellate court on its own motion. *State v. Wilcox*, 239 Neb. 882, 479 N.W.2d 134 (1992).

### IV. SUFFICIENTLY CERTAIN SENTENCE

It is the rule in this jurisdiction and others that in imposing a sentence, the sentencing court should state with care the precise terms of the sentence to be imposed. *State v. Temple*, 230 Neb. 624, 432 N.W.2d 818 (1988).

Most recently, in the case of *State v. Salyers*, 239 Neb. 1002, 480 N.W.2d 173 (1992), the Supreme Court commented on discrepancies between what a trial judge ordered in open court and the probation order and the resultant uncertainty, stating: "We have . . . held that in imposing sentence, the court should state with care the precise terms of the sentence which is imposed. . . . This same rule applies to the terms of probation imposed upon a defendant." (Citation omitted.) *Id*. at 1005, 480 N.W.2d at 176.

It is important to iterate at this juncture that restitution ordered by a court pursuant to § 29-2280 is a criminal penalty imposed as punishment for a crime and is part of the criminal sentence imposed by the sentencing court. *State v. Duran, supra*. Consequently, the certainty and precision prescribed for the criminal sentencing process applies to criminal sentences containing restitution ordered pursuant to § 29-2280.

Nebraska case law has dealt with the issue of precision in sentencing language. *State v. Jurgens*, 187 Neb. 557, 192 N.W.2d 741 (1971), states that "[j]udges in imposing sentences should use precise language." *Id*. at 560, 192 N.W.2d at 743 (citing *State v. Laden*, 42 N.J. Super. 540, 127 A.2d 404 (1956); *Simunov v. United States*, 162 F.2d 314 (6th Cir. 1947)).

*State v. Mees*, 272 N.W.2d 61 (N.D. 1978), uses similar language even more on target with the facts of the case at bar: "We recognize and accept the legal concept that a sentence must be certain, definite, and not be dependent upon an uncertain contingency or condition." *Id*. at 66. In *People v. Durk*, 215 Ill. App. 3d 186, 574 N.E.2d 891 (1991), the Illinois Appellate Court stated that a sentencing order should be so sufficiently precise and certain as to not require further action by the court or a ministerial officer to ascertain its meaning.

Clearly, the sentence pronounced in open court and the sentencing order itself demonstrate that the sentence imposed in this case was not precise, certain, or definite in disclosing to appellant exactly what restitution was required of him.

### V. DELEGATION OF A JUDICIAL FUNCTION

In the case before us, both the sentencing order and the court's remarks compel the conclusion that in regard to

restitution the trial court improperly delegated to the "probation office" the judicial function of fixing the terms and conditions of probation.

The situation before us is similar to that in *State v. Salyers, supra.* In that case, the sentencing order, wherein the defendant received probation, stated, "[Defendant] must '[s]atisfy other conditions of which you are notified in writing by your Probation Officer which are reasonably related to reconstructing your behavior and the protection of society.' " *Id.* at 1005, 480 N.W.2d at 176. The Nebraska Supreme Court observed that any condition imposed with this language would be improper, since it is the sentencing judge's obligation to fix the terms and conditions of probation and that this judicial function cannot be delegated to anyone, including probation officers.

*Cothron v. State,* 377 So. 2d 255 (Fla. App. 1979), is an example of a factually similar case to the one at bar, wherein a sentencing court improperly delegated its sentencing function to a probation officer. In that case, the sentencing order contained language stating that the defendant should pay restitution in an amount to be determined by his probation officer. On appeal, the appellate court ruled that "[i]t was improper for the trial judge to delegate to the probation supervisor the authority to determine the amount of restitution appellant must pay." *Id.* See, also, 21 Am. Jur. 2d *Criminal Law* § 574 (1981).

The pronouncement of sentence and surrounding comments by the trial judge, read together with his written order, lead to the conclusion that the probation office would be determining the amount of restitution appellant must pay and that this determination would take place after the sentencing hearing and without the safeguards that accompany any sentencing hearing or without the protection of a hearing held pursuant to § 29-2281, as might be requested by a defendant.

For the two above-stated reasons, those being (1) the trial court did not use precise, definite, and clear language in its sentencing order in relation to restitution and (2) the trial court improperly delegated to the probation office the task of fixing the term or contingent condition of probation relating to

restitution, the sentence is vacated.

## VI. CONCLUSION

The sentence of the district court is vacated, and the cause is remanded for a resentencing hearing consistent with this opinion.

SENTENCE VACATED, AND CAUSE
REMANDED FOR RESENTENCING.