STATE OF NEBRASKA, APPELLEE, v. GARY MCMANN, APPELLANT.
541 N.W.2d 418

Filed December 19, 1995. No. A–95–188.

Charles D. Hahn for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HANNON, IRWIN, and MILLER-LERMAN, Judges.

MILLER-LERMAN, Judge.

Pursuant to a plea of no contest, Gary McMann was convicted of criminal attempt, a violation of Neb. Rev. Stat. § 28-201(1)(b) (Reissue 1989), a Class I misdemeanor. In a memorandum opinion of this court dated November 21, 1994, McMann's sentence was vacated and the cause remanded for resentencing. Upon resentencing, McMann was sentenced to 2 years' probation and ordered to pay restitution to the victim with an option to work off some of the restitution amount as conditions of probation. On appeal, McMann's assignments of error relate to certain portions of the sentence pertaining to restitution.

## FACTS

McMann was originally charged under several informations with 26 counts of issuing bad checks, each count being a felony. See Neb. Rev. Stat. § 28-611 (Reissue 1989). The original information in the case before us alleged two counts of issuing

bad checks, one in the amount of $1,406.55 and another in the amount of $771.28. All the checks were issued by June 1992. Pursuant to a plea agreement, an amended information was filed on October 18, 1993, alleging one count of criminal attempt, and on October 25, McMann entered a plea of no contest. The amended information in the case before us alleged that on or about May 23, 1992, McMann had attempted to issue a bad check having a value of more than $500 but less than $1,500. The plea agreement did not include a sentencing recommendation.

McMann was originally sentenced to 5 years' probation and was ordered to pay restitution in monthly installments of $200 for 60 months with an additional $10,000 payable in the last 6 months of McMann's term of probation. This sentence was appealed to the Nebraska Court of Appeals. In a memorandum opinion, the sentence was vacated and the cause was remanded for resentencing because there is a 2–year maximum term of probation for first–offense misdemeanors. See Neb. Rev. Stat. § 29–2263 (Reissue 1989).

On February 6, 1995, a resentencing hearing was held. The bill of exceptions from the original sentencing hearing of December 1993 was received, and McMann testified. Douglas Lueders, the victim and recipient of the checks, was present and made unsworn statements in response to the trial judge's questioning. The parties agreed that Lueders' actual loss was approximately $22,920.

The record shows the following regarding McMann's financial situation upon resentencing. McMann is approximately 50 years old, has no significant health problems, and has considerable work experience in the construction field. McMann lives with his ex–wife in her house that has no debt owed on it, and the two of them "have been back together for about the past six years and he feels they get along better now than when they were married." McMann declared bankruptcy in 1992, and his debts were discharged.

At the time of the resentencing hearing, McMann was employed at Cooper Nuclear Station, but his job was scheduled to end in March 1995. However, we note that his job had been scheduled to end at earlier dates but had been extended.

McMann was earning $8 per hour and working at least 40 hours per week. McMann testified that he had not "lined up" other employment.

McMann also testified that his monthly expenses had increased due to inflation since the original sentencing hearing in December 1993. At the December 1993 hearing, McMann testified that his monthly expenses included $200 for rent, $60 to $65 for the telephone, $100 for electricity, $15 for other utilities, $400 to $600 for other expenses such as food and gasoline, and $25 for payments on a hospital bill. At the resentencing hearing, McMann testified that his expenses have equaled what he earned, he had not saved any money, his only asset was a 1981 pickup truck worth approximately $1,500, and he had given his son some money to remodel the son's house in recent months. It appears that McMann's monthly expenses were at least $800, and his monthly gross income was approximately $1,280.

After much discussion between the court, the county attorney, Lueders, McMann, and McMann's counsel regarding the amount of restitution and the manner of restitution, the court pronounced sentence. The court sentenced McMann to 2 years' probation. As a condition of probation, the court ordered restitution of $500 per month for the probationary period, of which amount at least $300 was to be a cash payment, for total restitution of $12,000. The court provided McMann the option of working for Lueders for $5 per hour for the remaining $200 per month. McMann did not consent to this order of restitution. This appeal timely followed.

## ASSIGNMENTS OF ERROR

We read McMann's assigned errors to be that the terms of the order of restitution were contrary to law and the evidence and that the amount of restitution ordered exceeded his ability to pay.

## STANDARD OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Manzer*, 246 Neb. 536, 519 N.W.2d 558 (1994); *State v. Wood*, 245 Neb. 63, 511 N.W.2d 90 (1994); *State v. Ice*, 244 Neb. 875,

509 N.W.2d 407 (1994). The rule that a sentence will not be disturbed on appeal absent an abuse of discretion is applied to the restitution portion of a criminal sentence, and the standard of review for restitution is the same as it is for other parts of the sentence. *State v. McLain*, 238 Neb. 225, 469 N.W.2d 539 (1991); *State v. Yost*, 235 Neb. 325, 455 N.W.2d 162 (1990); *State v. Collins*, 1 Neb. App. 596, 510 N.W.2d 330 (1993).

## ANALYSIS

*Manner of Sentence.*

On appeal, McMann challenges both the terms and the monthly amount of the restitution order. In response, the State generally concedes that the sentencing court abused its discretion in providing that McMann could work for Lueders for the equivalent of $200 per month.

Restitution is purely statutory, and a court has no power to issue such an order in the absence of enabling legislation. See, Arthur W. Campbell, Law of Sentencing § 3:3 (2d ed. 1991); 24 C.J.S. *Criminal Law* § 1770 (1989). Restitution ordered by a court pursuant to Neb. Rev. Stat. § 29–2280 (Cum. Supp. 1994) and its predecessor statutes is a criminal penalty imposed as punishment for a crime and is part of the criminal sentence imposed by the sentencing court. *State v. Duran*, 224 Neb. 774, 401 N.W.2d 482 (1987); *Collins, supra.* Penal statutes are to be given a strict construction which is sensible. *State v. Sundling*, 248 Neb. 732, 538 N.W.2d 749 (1995); *State v. Sorenson*, 247 Neb. 567, 529 N.W.2d 42 (1995); *State v. Fahlk*, 246 Neb. 834, 524 N.W.2d 39 (1994); *State v. Joubert*, 246 Neb. 287, 518 N.W.2d 887 (1994). In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning. *Sorenson, supra*; *State v. Flye*, 245 Neb. 495, 513 N.W.2d 526 (1994).

It is clear from a reading of Nebraska's restitution statutes that they provide for monetary payment of the victim's actual damages or return of the property taken. Neb. Rev. Stat. § 29–2281 (Reissue 1989) provides that the court may order that restitution "be made immediately, in specified installments, or within a specified period of time." Pursuant to Neb. Rev. Stat. § 29–2282 (Reissue 1989):

> In determining restitution, if the offense results in damage, destruction, or loss of property, the court may require: (1) Return of the property to the victim, if possible; (2) payment of the reasonable value of repairing. the property . . . ; or (3) payment of the reasonable replacement value of the property . . . . If the offense results in bodily injury, the court may require payment of necessary medical care . . . .

 Our review of Nebraska case law does not reveal cases in which an appellate court affirmed an alternative form of restitution, such as providing services to the victim, rather than a monetary payment or return of the property to the victim. Indeed, restitution is generally considered to mean monetary payments to the victim. See, e.g., *State v. Yost*, 235 Neb. 325, 455 N.W.2d 162 (1990) (stating that monetary amounts ordered by court to be paid by defendant to victims are properly termed restitution).

 Unlike some other state legislatures, the Nebraska Legislature has not chosen to provide a defendant the statutory option of working for the victim in lieu of monetary restitution. See, Ala. Code § 15-18-66 (1995) (defining restitution to include services performed or work or labor done for benefit of victim); Conn. Gen. Stat. Ann. § 18-101h (West 1992) (defining restitution to include provision of services to victim); Me. Rev. Stat. Ann. tit. 17-A, § 1322 (West 1983) (defining restitution to include work or service provided to victim for economic loss); N.H. Rev. Stat. Ann. § 651:62 (Cum. Supp. 1994) (defining restitution to include work or service to be reimbursed by offender to victim); Utah Code Ann. § 63-63-2 (1993) (defining restitution to include services offender is ordered to render to victim).

 Based upon our review of Nebraska jurisprudence, we conclude that Nebraska law does not authorize restitution in the form of a defendant's in-kind labor. Therefore, the sentencing court abused its discretion in its order of restitution composed of monetary payments and in-kind labor for the benefit of the victim.

*Dollar Amount of Restitution.*

McMann also argues on appeal that the dollar amount of the restitution order is an abuse of discretion because the order exceeds his ability to pay. The State responds that the amount is justified by the record. We need not address this assignment of error as posed by McMann because we note plain error committed by the court in the total amount of restitution ordered. See *State v. Mettenbrink*, 3 Neb. App. 7, 520 N.W.2d 780 (1994). Plain error may be found on appeal regarding sentencing when the error is plainly evident in the record and prejudicially affects a substantial right of the litigant, causes a miscarriage of justice, or damages the integrity of the judicial process. *State v. Wilcox*, 239 Neb. 882, 479 N.W.2d 134 (1992); *Mettenbrink, supra.*

Pursuant to § 29-2280 (Reissue 1989), which was in effect when McMann wrote the check giving rise to his conviction and this appeal, the amount of restitution a sentencing court may order was limited to the loss sustained by the victim "as a direct result of the offense for which the defendant has been convicted." In an amendment to this statute effective July 15, 1992, the amount of restitution permitted was changed to include, with the consent of the parties, loss sustained by the victim "of an uncharged offense or an offense dismissed pursuant to plea negotiations." § 29-2280 (Cum. Supp. 1994).

A law which changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed is an ex post facto law and insofar as it affects the punishment of the defendant to his or her disadvantage is void. *State v. Duran*, 224 Neb. 774, 401 N.W.2d 482 (1987). The amended § 29-2280 increased the possible punishment if restitution is ordered. Therefore, it cannot be given retroactive effect to crimes committed prior to its effective date. See *Duran, supra.*

The parties agree that all checks involved in the numerous informations filed were issued by McMann to Lueders by June 1992, and therefore prior to the effective date of the amendments to § 29-2280 on July 15, 1992. Specifically, the check which is at issue in the amended information on which

he was convicted was dated May 23, 1992. McMann's sentence of restitution in the amount of $12,000 clearly included Lueders' losses due to bad checks for which McMann was not convicted. Such a restitution order was not permissible under § 29–2280 (Reissue 1989), which was in effect when McMann issued the bad check for which he was convicted.

It was plain error for the sentencing court in the case before us to order restitution in the amount of $12,000. Pursuant to § 29–2280 (Reissue 1989), which controls the sentencing in this case, the amount of restitution which may be ordered is limited to the amount of the check for which McMann was convicted of attempt.

Based upon the foregoing, we vacate the sentence of restitution and remand the cause for a sentence of restitution consistent with this opinion.

SENTENCE OF RESTITUTION VACATED, AND CAUSE REMANDED FOR RESENTENCING.