STATE OF NEBRASKA, APPELLEE, V.
MICHAEL D. HOSACK, APPELLANT.
668 N.W.2d 707

Filed September 16, 2003. No. A-02-1118.

Joseph H. Murray, of Germer, Murray & Johnson, for appellant.

Jon Bruning, Attorney General, J. Kirk Brown, and John J. Liesveld, Senior Certified Law Student, for appellee.

HANNON, INBODY, and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Michael D. Hosack pled no contest in the district court for Thayer County to attempted criminal mischief pursuant to Neb. Rev. Stat. §§ 28-201(1)(b) (Cum. Supp. 2002) and 28-519(1)(a) (Reissue 1995), a Class I misdemeanor. Hosack was sentenced to 3 years' probation, and restitution in the amount of $3,500 was ordered as part of the probationary sentence. Hosack challenges

the restitution portion of his sentence. For the reasons set forth herein, we affirm as modified.

## BACKGROUND

On September 24, 2001, Hosack was originally charged with theft, a Class III felony; theft by receiving stolen property, a Class III felony; and criminal mischief, a Class IV felony, as a result of Hosack's involvement with the theft of movable items contained in a pickup truck and damage to the pickup truck.

On January 20, 2001, a theft at the home of Glen Vieselmeyer was reported to the Thayer County Sheriff's Department. The record indicates that the theft occurred either sometime on January 19 or during the early morning hours of January 20. It was reported that there had been a theft from a pickup truck owned by Colt Vieselmeyer, Glen's son, and that various items of personal property, along with a significant amount of tools and the tailgate, were stolen. The pickup truck also sustained damage as a result of the theft. Thereafter, a search warrant was issued to search Hosack's home and garage, based upon a report that a neighbor of the Vieselmeyer's had seen Hosack and another individual taking items out of a pickup truck and putting them into the garage at Hosack's residence during the time in question. At the time the sheriff's office executed on the search warrant, Hosack was present. Various items that had been taken from the pickup truck were recovered, but not everything.

As a result of a plea agreement, Hosack entered a plea of no contest to an amended information that charged Hosack with attempted criminal mischief, a Class I misdemeanor. On July 23, 2002, a restitution hearing was held wherein evidence was presented as to the value of the items taken from the pickup truck as well as to the amount of damage sustained by the pickup truck as a result of the theft. This evidence revealed that the total loss sustained was $6,452.92 less the value of the items recovered, $476, leaving a net loss of $5,976.92. This figure included the stolen property valued at $4,998 and the damage to the pickup truck estimated to be $1,454.92. Colt testified that at the time the theft and property damage occurred, he had just purchased with his own money the pickup truck from his brother

for $1,500, and that it was later titled in Colt's mother's name for insurance purposes.

On August 28, 2002, Hosack was sentenced to 3 years' probation, and restitution in the amount of $3,500 was ordered as part of the probationary sentence. Hosack timely appealed the restitution portion of the sentence.

## ASSIGNMENT OF ERROR

Hosack alleges that the district court abused its discretion by ordering him to pay restitution.

## STANDARD OF REVIEW

▮▮▮ Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. *State v. Segura*, 265 Neb. 903, 660 N.W.2d 512 (2003). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Holecek*, 260 Neb. 976, 621 N.W.2d 100 (2000).

## ANALYSIS

*Damages Resulting From Conviction.*

Hosack argues that the restitution sentence is contrary to Neb. Rev. Stat. §§ 29-2280 and 29-2281 (Reissue 1995) in that there was no evidence of any actual damages or losses sustained as a direct result of the charge for which he was convicted, because Hosack was convicted only of "attempted criminal mischief" rather than the original charges of theft, theft by receiving stolen property, and criminal mischief.

▮▮ Neb. Rev. Stat. § 29-2280 et seq. (Reissue 1995) vests trial courts with the authority to order restitution for actual damages sustained by the victim of a crime for which a defendant is convicted. *State v. Holecek, supra; State v. Wells*, 257 Neb. 332, 598 N.W.2d 30 (1999). See, *State v. McLain*, 238 Neb. 225, 469 N.W.2d 539 (1991); *State v. Yost*, 235 Neb. 325, 455 N.W.2d 162 (1990). In imposing restitution, § 29-2281 provides, in part, the following parameters:

> To determine the amount of restitution, the court may hold a hearing at the time of sentencing. The amount of restitution shall be based on the actual damages sustained

by the victim and shall be supported by evidence which shall become a part of the court record. The court shall consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations and shall balance such considerations against the obligation to the victim.

█ Pursuant to § 29-2281, before restitution can be properly ordered, the trial court must consider (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime, and (3) the amount of restitution a criminal defendant is capable of paying. *State v. Holecek, supra.*

Hosack pled no contest to and was convicted of the charge of attempted criminal mischief under §§ 28-201(1)(b) and 28-519(1)(a) in the amended information which stated that Hosack,

on or about January 19, 2001 or January 20, 2001, in the County of Thayer and State of Nebraska, then and there being did then and there intentionally engage in conduct which under the circumstances as he believed them to be, constituted a substantial step in a course of conduct intended to culminate in his commission of the crime of intentionally or recklessly damage property of Colt . . . and/or [Colt's brother] and/or [Colt's mother], resulting in a pecuniary loss in excess of $300[.]

With regard to Hosack's argument that the restitution damages were not sustained as a direct result of the charge for which he was convicted, we disagree to the extent that such argument relates to the physical damages sustained to the pickup truck. While Hosack was convicted of attempted criminal mischief, this charge still involves Hosack's intentional conduct which constituted a substantial step in a course of conduct intended to culminate in the intentional or reckless damage to property of another. Therefore, the evidence supports a finding that restitution in the sum of $1,454.92, the amount relating solely to the damage to the pickup truck, was appropriate.

However, we agree with Hosack that any restitution ordered above the sum of $1,454.92 was not directly related to the charge for which he was convicted. The amount of damages above this sum was related to property stolen from the pickup

truck, as opposed to damage to the pickup truck. Hosack was not convicted of theft or theft by receiving stolen property, as originally charged. Therefore, the district court erred in ordering Hosack to pay restitution in the sum of $3,500, and we modify the sentence to provide that Hosack should pay restitution in the sum of $1,454.92.

Hosack also argues that there was a lack of evidence that Colt sustained property damage, because Colt was not the titleholder of the pickup truck in question. Colt testified that the pickup truck has never been titled in his name, but that he purchased with his own money the pickup truck from his brother, and that it was later titled in his mother's name for insurance purposes. None of that testimony was disputed by Hosack. The information recites that the damaged property belonged to Colt, his brother, or his mother.

 The record reflects that Colt purchased the pickup truck, was the primary driver of the pickup truck, and was familiar with it prior to the damage caused by Hosack. Colt was therefore competent to testify to the damages, despite not having the official title in his name. See, *Nelson v. Metropolitan Utilities Dist.*, 249 Neb. 956, 547 N.W.2d 133 (1996) (whether owner of property is qualified to testify is decided by analysis of owner's familiarity with property); *Kristensen v. Reese*, 220 Neb. 668, 371 N.W.2d 319 (1985) (owner of personalty is qualified to express opinion of its value solely because of his status as owner).

*Ability to Pay.*

Hosack also argues that restitution is inappropriate because he does not have the ability to pay. At the time this offense was committed in January 2001, Hosack was a 17-year-old high school student. Although Hosack subsequently graduated the following May, the presentence investigation report indicates that Hosack was in special education throughout high school. Since graduation, Hosack has worked only sporadically. Hosack testified that he was employed after high school from August through November 2001, at which time he was fired for not showing up for work. Thereafter, Hosack was not employed again until March 2002, which employment lasted only 1 week because his father went into the hospital and his mother needed help around

the house. At the sentencing hearing, Hosack testified that he had just started working for an individual, earning $7 to $8 per hour doing odd jobs.

Hosack testified that during the times he has been unemployed, he has helped care for his disabled parents. Hosack's father suffers from heart disease and is seriously overweight, while Hosack's mother is schizophrenic and is required to take medication that interferes with her ability to carry out household chores. Hosack's father testified that the family's only source of income is disability income and that they rely on Hosack for help because they cannot afford to hire outside assistance. Hosack's father further testified that he and his wife support Hosack and his younger sister, who both live at home. Hosack's father testified on cross-examination that it would be helpful if Hosack had a job and that although he and his wife would still need Hosack's help around the house, Hosack could probably help in the evenings or when he was not at his job. Hosack's grandmother also testified that in addition to Hosack's helping his parents, Hosack also helps her on a regular basis. She further acknowledged that her son and daughter-in-law are dependent upon Hosack. However, Hosack's grandmother also stated that while Hosack is required to do certain chores every day, she did not think that his responsibilities would require him to be home all day.

While we recognize that Hosack has a high school education and that he was in special education throughout that time, it appears that his lack of employment has been self-imposed to some extent. For example, Hosack lost his first job after high school due to the fact that he was not showing up for work, and there was no indication in the record that his absences were due to familial obligations or other factors that prevented him from working. We also do not discount Hosack's familial obligation to his disabled parents who rely on him to a certain extent for assistance at home. While it is apparent that Hosack does provide needed assistance to his parents, we note that Hosack is one of two siblings and does not carry the sole burden of caring for his parents, since his younger sister, who was 14 years old at the time of sentencing, also lives at home.

Therefore, based upon the record before us, we conclude that the district court properly considered Hosack's earning ability,

employment status, financial resources, and family obligations before ordering restitution, and we further conclude that Hosack does have the ability to pay restitution, especially in light of this court's downward modification of the amount to be paid.

## CONCLUSION

We conclude that the district court did not abuse its discretion is ordering Hosack to pay restitution; however, we modify the amount of restitution to be paid from $3,500 to $1,454.92. We further conclude that Hosack has the ability to pay the amount of restitution as modified herein. Accordingly, the order of the district court is affirmed as modified.

AFFIRMED AS MODIFIED.