IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. LASSITER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KEITH T. LASSITER, APPELLANT.

Filed October 29, 2019.    No. A-18-1098.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Sentence of restitution vacated, and cause remanded with directions.

David J. Tarrell, of Berry Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

PIRTLE, Judge.

### INTRODUCTION

Keith T. Lassiter appeals from his plea-based conviction and sentence for attempted theft by deception, $5,000 or more, in the district court for Lancaster County. He alleges that the trial court erred in ordering him to pay restitution. Based on the reasons that follow, we vacate the sentence of restitution and remand the cause to the trial court for proceedings consistent with this opinion.

### BACKGROUND

The State filed an information charging Lassiter with theft by deception, $5,000 or more, a Class IIA felony. Pursuant to a plea agreement, the State filed an amended information charging Lassiter with attempted theft by deception, $5,000 or more, a Class IIIA felony, and Lassiter pled no contest to the amended charge. As part of the plea agreement, Lassiter signed a restitution

agreement, indicating that he would pay restitution in the amount of $23,656.01 to multiple victims.

At the sentencing hearing, the trial court sentenced Lassiter to 3 years' incarceration, followed by 1 year of postrelease supervision. He was also sentenced at the same time in a different case. At the end of the hearing, the court stated that it was ordering restitution in the present case consistent with the restitution agreement.

The court entered a sentencing order the same day as the sentencing hearing, which set forth the term of incarceration and postrelease supervision announced at the sentencing hearing. The next day, the court filed a separate order requiring Lassiter to pay restitution in the amount of $23,656.01.

## ASSIGNMENTS OF ERROR

Restated, Lassiter assigns that the trial court erred in (1) failing to consider one of the factors set out in Neb. Rev. Stat. § 29-2281 (Reissue 2016) before ordering restitution and (2) filing a separate order for restitution the day after it filed the sentencing order.

## STANDARD OF REVIEW

The rule that a sentence will not be disturbed on appeal absent an abuse of discretion is applied to the restitution portion of a criminal sentence, and the standard of review for restitution is the same as it is for other parts of the sentence. *State v. McMann*, 4 Neb. App. 243, 541 N.W.2d 418 (1995).

## ANALYSIS

Lassiter first argues that the court erred in failing to consider one of the factors set out in § 29-2281 before ordering restitution. Neb. Rev. Stat. § 29-2280 et seq. (Reissue 2016) vests trial courts with the authority to order restitution for actual damages sustained by the victim of a crime for which a defendant is convicted. *State v. Hosack*, 12 Neb. App. 168, 668 N.W.2d 707 (2003). In imposing restitution, § 29-2281 provides, in part, the following parameters:

> To determine the amount of restitution, the court may hold a hearing at the time of sentencing. The amount of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record. *The court shall consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations* and shall balance such considerations against the obligation to the victim.

(Emphasis supplied.)

Pursuant to § 29-2281, before restitution can be properly ordered, the trial court must consider (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime, and (3) the amount of restitution a criminal defendant is capable of paying. *State v. Hosack, supra.*

Section 29-2281 further provides that "[i]n considering the earning ability of a defendant who is sentenced to imprisonment, the court may receive evidence of money anticipated to be earned by the defendant during incarceration."

Lassiter argues that there is nothing in the record to indicate that the court considered his earning ability, employment status, financial resources, and family or other legal obligations, or any anticipated income he may earn during incarceration. He argues therefore, that the order of restitution should be vacated as it was imposed contrary to the requirements of the statute.

Lassiter acknowledges that he agreed to pay restitution and signed an agreement to that effect, but argues that the existence of a restitution agreement does not remove the trial court's obligation to consider his ability to pay restitution. Lassiter relies on *State v. Mick*, 19 Neb. App. 521, 808 N.W.2d 663 (2012). In that case, the defendant agreed to pay restitution as part of a plea agreement. This court vacated the order of restitution because the record failed to indicate that the trial court meaningfully considered the defendant's ability to pay restitution. We determined that, despite the plea agreement, the trial court still had to give meaningful consideration to the defendant's ability to pay restitution and the record did not establish that the court did so.

Relying on *State v. Esch*, 290 Neb. 88, 858 N.W.2d 219 (2015), the State argues that a defendant's agreement to an amount of restitution is sufficient to justify a restitution order in that amount. In *Esch*, the defendant argued on appeal, following a second trial, that the evidence did not support the amount of restitution because there was no evidence to prove damages in that amount. The Nebraska Supreme Court found that the defendant had entered into a written stipulation in which he agreed that the restitution amount, originally determined by a jury at the first trial, was an appropriate amount to compensate for damage caused by his criminal mischief. The Supreme Court concluded that the trial court had a sufficient basis to enter a restitution order in the amount it did. In the present case, Lassiter is not arguing that the amount of restitution ordered was not supported by the amount of damages. Rather, he is arguing that despite the restitution agreement and the plea agreement, the court was statutorily required to consider defendant's ability to pay restitution. We do not find *State v. Esch, supra*, to be applicable to the present case.

The present case is similar to *State v. Mick, supra*, in that Lassiter agreed to pay restitution as part of a plea agreement, but the trial court failed to meaningfully consider his ability to pay as required by § 29-2281. Based on *Mick*, we conclude that the trial court's failure to meaningfully consider Lassiter's ability to pay restitution requires that the order of restitution must be vacated and we remand the matter to the trial court for proceedings consistent with this opinion and the statutory factors set forth in § 29-2281.

The State also suggests that the trial court committed plain error by failing to specify the manner of restitution payment pursuant to § 29-2281. The statute provides that "[t]he court may order that restitution be made immediately, in specified installments, or within a specified period of time not to exceed five years after the date of judgment or defendant's final release date from imprisonment, whichever is later." In *State v. Esch, supra*, the Supreme Court determined that the trial court had failed to specify the manner of payment of restitution as required by § 29-2281 and that it was plain error for the trial court to fail to do so. The Supreme Court remanded the matter to the trial court for resentencing with regard to the manner of restitution payment.

In the present case, like *Esch*, the trial court failed to specify the manner of payment of restitution. Therefore, we conclude that it was plain error for the court to fail to specify the manner of restitution payment pursuant to § 29-2281. Accordingly, upon remand, should the court order restitution, it must specify the manner of payment in accordance with § 29-2281.

Lassiter also assigns that the trial court erred in filing a separate order for restitution the day after it filed the sentencing order. The court entered a sentencing order which stated that Lassiter was sentenced to 3 years' incarceration, followed by 1 year of postrelease supervision. The next day, the court entered a restitution order requiring Lassiter to pay $23,656.01 in restitution. Lassiter argues that the restitution order entered the day after the sentencing order is void and should be vacated because it modified, amended, or revised the sentence. See *State v. Clark*, 278 Neb. 557, 772 N.W.2d 559 (2009) (when valid sentence has been put into execution, trial court cannot modify, amend, or revise it in any way, either during or after term or session of court at which sentence was imposed).

At the sentencing hearing, the trial court orally pronounced that it was sentencing Lassiter to 3 years' incarceration, followed by 1 year of postrelease supervision. It further stated that it was ordering restitution consistent with the restitution agreement. A sentence validly imposed takes effect from the time it is pronounced. *State v. Lessley*, 301 Neb. 734, 919 N.W.2d 884 (2018). The Supreme Court has also held that when a sentence orally pronounced at the sentencing hearing differs from a later written sentence, the former prevails. *State v. Olbricht*, 294 Neb. 974, 885 N.W.2d 699 (2016).

In the instant case, the trial court orally pronounced at the sentencing hearing that Lassiter's sentence included the payment of restitution. Thus, when the court entered the restitution order the day after the sentencing order, it was not modifying or amending the sentence as restitution had already been orally pronounced at the sentencing hearing. Therefore, we conclude that the trial court did not err in filing a separate order for restitution the day after it filed the sentencing order.

## CONCLUSION

We conclude that the trial court erred in failing to consider Lassiter's ability to pay restitution and in failing to specify the manner of restitution payment pursuant to § 29-2281. Accordingly, the portion of Lassiter's sentence regarding restitution is vacated, and the cause is remanded for further proceedings consistent with this opinion.

SENTENCE OF RESTITUTION VACATED, AND
CAUSE REMANDED WITH DIRECTIONS.