IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. STREET


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

CHAD K. STREET, APPELLANT.


Filed December 31, 2019.    No. A-19-307.


Appeal from the District Court for Lancaster County, DARLA S. IDEUS, Judge, on appeal thereto from the County Court for Lancaster County, THOMAS E. ZIMMERMAN, Judge. Judgment of District Court affirmed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.


MOORE, Chief Judge, and PIRTLE and WELCH, Judges.

PIRTLE, Judge.

## INTRODUCTION

Chad K. Street appeals from an order of the district court for Lancaster County in which the court affirmed the Lancaster County Court's sentence of restitution. Street argues that the county court erred in ordering him to pay restitution because there was insufficient evidence of actual damages and he was not capable of paying the restitution ordered. Based on the reasons that follow, we affirm.

## BACKGROUND

Pursuant to a plea agreement, Street pled no contest to two charges in Lancaster County Court: leaving the scene of an accident and reckless driving. The charges arose from an automobile collision in which Street's vehicle struck Joshua Alan Coy's vehicle which was parked on the

- 1 -

street. Street then fled the scene, leaving his vehicle behind. The county court found a sufficient factual basis to accept the pleas and found him guilty of the two charges.

A restitution hearing was held before the court sentenced Street. Coy testified that on February 20, 2017, his 2005 Chevy Equinox was parked on the street in front of his house when it was hit by another vehicle. Coy went outside shortly after the accident and saw that the rear driver's side had been damaged. The vehicle was not drivable so Coy had it towed to Tracy's Auto Body. The body shop told him that the vehicle was totaled.

Coy testified that before his car was struck by Street's vehicle, it was in "absolutely positive driving condition." There was no damage to the vehicle and there was "nothing wrong with it." During the time he had owned it, he had not had any problems with the way it ran or operated.

Dale Zuerlein, an estimator for Tracy's Auto Body since 2000, also testified. He testified that he had written estimates of the cost to repair hundreds, if not thousands, of vehicles. Zuerlein wrote an estimate of the cost to repair Coy's vehicle and the estimate was entered into evidence. Zuerlein testified that it would cost $10,347 to fix all the damage to Coy's vehicle and restore the vehicle back to pre-accident condition.

Street also testified. He testified that his only source of income is a disability check from Veterans Affairs in the amount of $1,017 every month. He testified that he pays a portion of the rent for his home and Veterans Affairs pays the rest. The evidence presented to the county court and reviewed by the district court does not reflect the amount that Street pays for rent each month. The only other monthly expenses Street discussed included $50 for cigarettes, $40 to $45 for a cell phone, and $300 in voluntary support payments for his 3½-year-old daughter. He testified that he and his wife are separated and that he voluntarily pays his wife $300 each month; there is no court order requiring him to pay any child support.

Street also testified that at the time of the restitution hearing, he had three cases set for sentencing and he had posted bonds in those cases. In one case he posted a $500 bond, and in another case he posted a $750 bond.

The county court sentenced him to 15 days in jail on the leaving the scene charge, and 30 days in jail for the reckless driving charge. The jail sentences were ordered to be served consecutive. The county court also ordered Street to pay restitution in the amount of $10,347.70, by making monthly payments of $300 until paid in full. Street appealed the restitution sentence to the district court, which affirmed the county court.

## ASSIGNMENTS OF ERROR

Street assigns that the district court erred in affirming the county court's sentence of restitution because there was insufficient evidence of actual damages and Street was not capable of paying the restitution ordered.

## STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Thalken*, 299 Neb. 857, 911 N.W.2d 562 (2018). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on

the record. *Id.* When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. But we independently review questions of law in appeals from the county court. *Id.* When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id.*

The rule that a sentence will not be disturbed on appeal absent an abuse of discretion is applied to the restitution portion of a criminal sentence, and the standard of review for restitution is the same as it is for other parts of the sentence. *State v. McMann*, 4 Neb. App. 243, 541 N.W.2d 418 (1995).

## ANALYSIS

Street argues that the district court erred in affirming the county court's sentence of restitution. He argues that the evidence was insufficient to support the amount of damages and that he was unable to pay the restitution ordered.

Neb. Rev. Stat. § 29-2280 et seq. (Reissue 2016) vests trial courts with the authority to order restitution for actual damages sustained by the victim of a crime for which a defendant is convicted. *State v. Hosack*, 12 Neb. App. 168, 668 N.W.2d 707 (2003). In imposing restitution, § 29-2281 provides, in part, the following parameters:

> To determine the amount of restitution, the court may hold a hearing at the time of sentencing. The amount of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record. The court shall consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations and shall balance such considerations against the obligation to the victim.

Pursuant to § 29-2281, before restitution can be properly ordered, the trial court must consider (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime, and (3) the amount of restitution a criminal defendant is capable of paying. *State v. Hosack, supra.*

The court may order that restitution be made immediately, in specified installments, or within a specified period of time not to exceed five years after the date of judgment or defendant's final release day from imprisonment, whichever is later. § 29-2281.

In determining restitution, if the offense results in damage, destruction, or loss of property, the court may require: (1) return of the property to the victim, if possible; (2) payment of the reasonable value of repairing the property, including property returned by the defendant; or (3) payment of the reasonable replacement value of the property, if return or repair is impossible, impractical, or inadequate. § 29-2282.

Street first argues that there was insufficient evidence of actual damages to support the amount of restitution ordered. He contends that Coy's testimony that the body shop told him the Chevy Equinox was "totaled" meant that the cost to repair the vehicle exceeded the market value of the vehicle. He argues, therefore, that repairing the vehicle is "impractical" and that the amount

of restitution should be the "reasonable replacement value of the property" as provided in § 29-2282. Street claims that because there was no evidence presented as to the replacement value of the Chevy Equinox, the evidence was insufficient to support the restitution ordered. We disagree.

Coy simply testified that the auto body shop told him his vehicle was "totaled" and there was no explanation or questioning of what that meant. There was no evidence that repair of the vehicle was "impossible, impractical, or inadequate." To the contrary, there was evidence that the vehicle could be repaired and of the costs necessary to do so.

Section 29-2282 allows for payment of the reasonable value of repairing the property and there was evidence presented to support ordering restitution in that amount. Coy testified that prior to his vehicle being stuck by Street, his vehicle did not have any damage and there was nothing wrong with it. After the collision, the rear passenger side of his vehicle was damaged and the vehicle was no longer drivable. He had it towed to an auto body shop and Zuerlein prepared a written estimate for what it would cost to fix the damages. Zuerlein testified that it would cost $10,347.70 to repair the Chevy Equinox and the estimate supporting that total amount was offered and received into evidence. The amount of restitution ordered, $10,347.70, was the reasonable value of repairing the vehicle. Therefore, the amount of restitution ordered by the county court was supported by the evidence and allowed by statute.

Street also argues that he is not capable of paying the amount of restitution ordered. He was ordered to pay the restitution in $300 monthly installments until the total is paid off. Street testified at the restitution hearing that his income consists of $1,017 per month in disability benefits. His monthly expenses include a portion of rent in an unknown amount, $50 for cigarettes, $40 to $45 for a cell phone, and $300 in voluntary child support payments.

The county court acknowledged that it did not have "a lot to go on" in terms of what restitution Street could afford, and it recognized that he had other expenses in addition to those discussed during his testimony. However, the court concluded that based on Street's voluntary child support payments of $300 per month and the fact that he had been able to post bonds in other criminal matters, he had the ability to pay $300 per month in restitution.

We conclude that the county court's determination that Street was capable of paying $300 per month in restitution conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. See *State v. Thalken, supra.* Accordingly, the district court did not err in affirming the county court's decision on this issue.

CONCLUSION

We conclude that the county court's sentence of restitution is supported by sufficient evidence of actual damages and Street is capable of paying the restitution ordered. Accordingly, the district court did not err in affirming the county court's sentence of restitution. The order of the district court is affirmed.

AFFIRMED.