JOHN B. WHITE, Appellee, v. DALLAS COUNTY, Appellant.

Commissioners of Insanity: COMPENSATION. The commissioners of insanity are entitled, under section 3825 of the Code, to three dollars as compensation for each day they are in session, regardless of the number of hours they may be in session.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

THURSDAY, FEBRUARY 2, 1893.

ACTION by the plaintiff, a commissioner of insanity of the defendant county, against it, for services as such commissioner. Trial to the court. Judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*D. W. Woodin,* County Attorney, for appellant.

*White & Clarke,* for appellee.

KINNE, J.—The plaintiff, who was a duly appointed and acting commissioner of insanity of the defendant county for the year 1891, claims that in the discharge of said duties he was actually employed on seven separate days, in February, April, and May of said year, for which he claims compensation at the rate of three dollars for each of said days. He filed his claim as required by law. The defendant's board of supervisors neglected to allow it, and he brought suit therefor. The defendant, answering, admits that the plaintiff is one of the commissioners of insanity for the defendant county, and that as such he served in certain cases set out, but avers that in each case he was actually employed not to exceed an hour, and says he is entitled to compensation at the rate of three dollars per day for the time in fact employed. Judgment was entered for the plaintiff for the full amount claimed.

This case, involving less than one hundred dollars, comes in this court on a certificate wherein the question of law which we are asked to decide is thus stated: "When the commissioners of insanity of the county are in session on a given day one hour, or any number of hours less than a whole day, are they entitled to three dollars each for each such session, or only such part of three dollars as the hour or number of hours is a part of twenty-four hours?"

The determination of the question involves the construction of section 3825 of the Code (McClain's Code, section 5102), the material part of which reads: "The commissioners of insanity shall be allowed at the rate of three dollars per day, each, for all the time actually employed in the duties of their office. They shall also be allowed their necessary and actual expenses, not

including charges for board." It is contended by the appellant that the use of the words, "at the rate of," and "all the time actually employed," limit the compensation of such officers to that rate for the hours actually employed. We must construe the statute so as to effectuate, if possible, the intent of the legislature. It is also our duty, if we reasonably can do so, to give the act such a construction as will give some force and effect to all the words used therein. If the appellant's contention is correct, and we should hold that the intent was to compensate the commissioners for the number of hours actually spent by them in a day at the rate or on the basis of three dollars for a full day, we are then compelled to determine what the legislature meant by the word "day," as used in the statute. Ordinarily a "day" is the space of time which elapses while the earth makes a complete revolution on its axis. Is the term used in that sense, or does it mean an artificial day, that is, to denote the time between the rising and the setting of the sun? Abbott's Law Dict.; Black's Law Dict. Or shall it be construed to mean a certain number of hours between sunrise and sunset, as eight hours or ten hours, or any definite number of hours less than twenty-four? Our statute does not, in terms, say how many hours shall constitute a day, as applied to the use of the word generally. In a few instances, and for certain specific purposes, the statute has defined eight hours as constituting a day. But we have no general law determining what number of hours shall constitute a day's labor. It is doubtless the general rule, and we have so held, that in the legal computation of time the law will not take notice of fractions of a day, in the absence of a statute expressly providing therefor. True, there are exceptions to this rule, as where the enforcement would lead to manifest injury and wrong, in which case it has often been held that the truth in fact and point of time may be pleaded and

proved. *In re Richardson*, 2 Story, 571; *Ferris v. Ward*, 9 Ill. 499; *Murfree's Heirs v. Carmack*, 4 Yerg. 270; *Louisville v. Savings Bank*, 104 U. S. 469; *Neale v. Utz*, 75 Va. 480. And it is said that, as the common law does not define what shall be regarded as a day's work, the parties are left "to such regulations in that respect as are fixed by the custom of the trade or business to which the contract relates, if there is any, or to be settled, as a matter of fact, as to what is in fact reasonable in a given case, in view of the business, the price paid, and the necessities of the occupation." Wood on Master and Servant, section 86; *Luske v. Hotchkiss*, 37 Conn. 219.

The appellant's claim would lead us to this result: That the legislature intended by the language used that these commissioners should be paid a little over twelve cents an hour for each and every hour of their employment. This, it will be observed, would be less compensation than is allowed by law to officers generally, when we consider the number of hours they are usually employed. Indeed, it is far less than the law allows, in many cases, where the duties of the officers are much less important than those required of commissioners of insanity. This, of itself, could not affect the case, if the statute clearly supports the appellant's contention. But the kind and character of the service required of these commissioners, the necessity of their being men of character and skill, the importance of the work they are called upon to do, are all proper to be considered in determining the intention of the legislature, if the language in which that intention is expressed is fairly susceptible of different constructions. It seems to us that the limitation of pay to "the time actually employed" was put in the statute, not to limit the compensation to the hours in fact occupied in the discharge of their duties, but rather to the days on which they rendered service. If no such words had been used, it would

seem that the compensation provided would cover every secular day in the year, whether they were employed or not. The words, "at the rate of three dollars per day," fixed the compensation by the day, and not by the hour, or by any other division of time. While the question is not free from doubt, yet it seems to us that the court below correctly held that, if the commissioners were employed in the duties of their office on a given day, they were each entitled to three dollars, regardless of the number of hours of any such employment on the same day. AFFIRMED.