[No. 6386. Decided December 21, 1906.]

HENRY E. AYARS, *Appellant*, v. JOHN O'CONNOR, *Respondent*.[1]

APPEAL—ABANDONMENT—SECOND NOTICE—BOND—TIME FOR FIL-ING. Where an oral notice of appeal is given and the appeal duly perfected by the filing of an appeal bond within five days, the giving of a subsequent written notice of appeal without filing a bond will not amount to an abandonment of the first appeal; and in any event, the first bond is sufficient for either notice, as a bond on appeal may be filed before the giving of written notice.

VENDOR AND PURCHASER — CONTRACTS — PERFORMANCE — TENDER — SUFFICIENCY. Where the time for tendering a deed of premises, pursuant to a sale, was fixed "at the end of three years" from April 15, 1903, expiring at midnight April 14, 1906, a tender at any time on said April 14 is not premature, as the law does not notice fractions of a day.

SAME—ALLEGATION OF TENDER—SUFFICIENCY. An averment of an absolute tender of a deed is not insufficient as showing a conditional tender from the fact that a separate paragraph alleged a demand for the payment of money due.

SAME—USURY—CONTRACTS—CONSTRUCTION. A complaint alleging a contract for the purchase of real estate, whereby the purchaser agreed to pay a certain sum at the end of three years, with interest at fifteen per cent, is not demurrable as showing usury; as it will not be construed to call for fifteen per cent per annum; and, further-more, since usury, under Laws 1889, p. 129, is not a complete defense, but only affects the amount of the recovery.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered May 31, 1906, in favor of the defendant, upon sustaining a demurrer to the complaint, dismissing an action on a contract for the sale of land. Reversed.

*H. A. P. Myers*, for appellant.

*Merritt, Oswald & Merritt*, for respondent, to the point that interest at the rate of 15 per cent, means 15 per cent per annum, cited: 16 Am. & Eng. Ency. Law (2d ed.), 1001;

[1]Reported in 88 Pac. 119.

*Durant v. Murdock,* 3 App. Cas. (D. C.) 114; *Williams v. Baker,* 67 Ill. 238; *Finley v. Acock,* 9 Mo. 841; *Loury v. Loury,* Walk. (Miss.) 207; *Higley & Co. v. Newell,* 28 Iowa 516; *Thompson v. Hoagland,* 65 Ill. 310.

HADLEY, J.—This cause was determined upon demurrer to the complaint in the court below. The complaint alleges, that on the 15th day of April, 1903, the defendant was the owner of the south half of lot 6 in block 10, in the town of Downs, in Lincoln county, Washington; that on said date the defendant sold the same to the plaintiff for $600, which has been paid; that at the time of the sale and as an inducement to plaintiff to purchase the property, and as a consideration therefor, the defendant executed and delivered to plaintiff a written agreement as follows:

"Downs, Lincoln Co., Wash., Apl. 15, 1903.

"This agreement entered into between John O'Connor and Henry E. Ayars in which John O'Connor agrees to pay Henry E. Ayars the sum of six hundred dollars at the end of three years, with interest at the rate of fifteen per cent. on the delivery of a warranty deed from Henry E. Ayars to John O'Connor of the south half of lot six, block ten in the Town of Downs, Wash. Henry E. Ayars to have the privilege of paying for the removing of all improvements and buildings from said lot.                    JOHN O'CONNOR."

that at the end of three years mentioned in said agreement, to wit, on the 13th day of April, 1906, the plaintiff, together with his wife, duly made a good and sufficient warranty deed to said property conveying it to defendant; that on the 14th day of April, 1906, the plaintiff personally tendered the deed to the defendant and demanded the payment of $690, and that defendant refused to accept the deed, or to pay the money. An offer to keep good the tender of the deed is made in the complaint, and judgment for $690 is demanded. A general demurrer was interposed to the complaint, and was sustained. The plaintiff refused to plead further, and judgment of dismissal was entered, and plaintiff has appealed.

Respondent moves to dismiss the appeal. The judgment was entered May 31, 1906, and oral notice of appeal was given in open court at the time. On June 2 an appeal bond was filed. Under Bal. Code, § 6503 (P. C. § 1051), the giving of the oral notice effected the appeal, and under § 6505 (P. C. § 1053), when the bond was filed within five days thereafter, the appeal was prevented from becoming ineffectual. It then became in fact a perfected appeal. However, on July 23, 1906, a written notice of appeal was served, and no bond was thereafter filed. Respondent argues that the service of the written notice amounted to an abandonment of the former appeal, rendering it ineffectual, and that failure to file a bond within five days after service of the written notice also rendered it ineffectual. The reason for filing the written notice is not disclosed by the record. The record nowhere expressly shows an intention to abandon the first appeal, and in any event, the bond will support the appeal, whether we consider it effected by either the oral or written notice. It is sufficient under the oral notice, because it was filed within five days after that notice was given. It is sufficient under the written notice, because it was filed within the time an appeal could be taken, and although filed before the written notice was given, yet Bal. Code § 6505, permits the appeal bond in a civil action or proceeding to be filed " at or before the time when the notice of appeal is given or served." The motion to dismiss the appeal is denied.

On its merits, it is respondent's view that the tender as alleged was premature. It will be remembered that the time was "at the end of three years" from April 15, 1903. It is manifest that the time expired at midnight on the night of April 14, 1906. The complaint alleges that the tender of the deed and demand for payment occurred on April 14, but at what time in the day does not appear. Under respondent's theory appellant should have made the tender at midnight at the last moment of the day of April 14. Such would be an unreasonably technical requirement. The law does not

notice fractions of a  day in computing time, and we think
the tender at any time upon the last day of the period was
within every reasonable intent " at the end of three years."
The averment in that particular is sufficient.

Respondent also argues that the tender of the deed was a
conditional one, it being conditioned upon the payment of the
money.   The complaint alleges an absolute tender of the deed
and a refusal to accept it.  A separate paragraph merely al-
leges that at the time and place of the tender demand was
made for the payment of $690.   The averment as to tender
is sufficient.

Respondent further argues that the contract was usurious,
because it provides for interest at the rate of fifteen per
cent.   He claims that this means fifteen per cent per annum,
but the contract does not say so in terms.  It provides, among
other things, for payment of $600 at the end of three years,
with interest at the rate of fifteen per cent.   Respondent was
the maker of that agreement, and if it was his intention to
make a usurious contract that could not have been enforced,
he should have seen that it clearly provided for interest at
fifteen per cent per annum.   In that event appellant would
have been clearly advised of its usurious terms.   As it is, ap-
pellant simply construed it to mean that fifteen per cent of
the $600 was to be added to that sum at the end of three
years, making the full demand $690.  He therefore demanded
that sum and no more.   We think, considering all the pe-
culiarities of the contract, that it admits of that interpretation,
and that, under the circumstances, respondent should not be
heard to say that it does not.  In any event, under Laws 1899,
page 128, § 7, the alleged usurious feature of the contract
would not have rendered it void so that it would constitute no
cause of action as against demurrer.   It would have simply
affected the amount of recovery.

We think the complaint states a cause of action, and that
it was error to sustain the demurrer.

The judgment is reversed, and the cause remanded with instructions to vacate the judgment of dismissal, and overrule the demurrer to the complaint.

MOUNT, C. J., FULLERTON, CROW, and ROOT, JJ., concur.