[No. 14652.  Department One.  May 9, 1918.]

THE STATE OF WASHINGTON, *on the Relation of John W. Greb, Plaintiff,* v. DAVID W. HURN, *Judge etc., Respondent.*[1]

TIME—PER DIEM COMPENSATION—FRACTIONS OF A DAY—OFFICERS. Under Rem. Code, § 42-3, providing that an official court reporter, who is made an officer of the court, shall be paid ten dollars per diem for every day that he is actually in attendance, he is entitled to the per diem for each day regardless of the period of time that such attendance covers, inasmuch as the law does not consider fractions of a day in fixing salaries and fees for public services at so much per day.

Application filed in the supreme court February 1, 1918, for a writ of mandamus to compel the superior court for Spokane county, Hurn, J., to certify relator's statement for one day's attendance as official court reporter.  Granted.

*Henry L. Kennan,* for relator.
*Joseph B. Lindsley,* for respondent.

MAIN, J. — This is an application for a writ of mandamus.  The petitioner is the official reporter in the department of the superior court of Spokane county, the presiding judge of which is the Honorable David W. Hurn, the respondent.

On the 1st day of November, 1917, the petitioner was directed by the respondent to be in attendance as official court reporter.  Responding to this request, the petitioner was in attendance and reported certain testimony and proceedings in the court during the morning session or forenoon of the day mentioned.  He was not directed by the presiding judge to be in attendance

[1]Reported in 172 Pac. 1147.

during the afternoon session of that day. The statement subsequently prepared by the petitioner called for the payment of $10 for the 1st day of November, 1917. This statement the presiding judge declined to certify, claiming that the petitioner was only entitled to one-half of the *per diem* fixed by the statute.

This case calls for a construction of the statute authorizing official court reporters. Laws of 1913, p. 386, ch. 126 (Rem. Code, § 42-1 *et seq.*). Section 1 of this statute, among other things, provides that, when an official court reporter shall be appointed, "such stenographer shall thereupon become an officer of the court .. . ." By section 2 it is made the duty of the official reporter to be in attendance upon the court "at such times as the judge presiding may direct; . . ." Id., § 42-2.

By § 3 it is provided that:

"Each official reporter so appointed shall be paid a compensation at the rate of ten dollars ($10) per diem for every day that he is actually in attendance upon said court pursuant to the direction of the court, . . ." Id., § 42-3.

The question then is: If the official reporter is only in attendance a portion of the day, shall his *per diem,* fixed by the statute, be split or prorated? In this state there is no statute which fixes the length of time that the court shall be in session each day. The session of the court may consist of any number of hours, within the limit of twenty-four, between two successive midnights. In *Smith v. Board of Com'rs of Jefferson County,* 10 Colo. 17, 13 Pac. 917, the supreme court of Colorado had before it a statute which provided for the compensation of the county superintendent of schools as follows:

"For the time necessarily spent in the discharge of his duty he shall receive five dollars per day, . . ."

The question there was: Under this statute, what would constitute a day's service for the superintendent? Answering this question it was said:

"We answer, the law does not recognize fractions of days; and, when it provides a *per diem* compensation for the time necessarily devoted to the duties of an office, the officer is entitled to this daily compensation for each day on which it becomes necessary for him to perform any substantial official service, if he does perform the same, regardless of the time occupied in its performance."

In *White v. Dallas County,* 87 Iowa 563, 54 N. W. 368, the supreme court of the state of Iowa construed a statute which fixed the compensation of commissioners of insanity "at the rate of three dollars per day, each, for all the time actually employed in the duties of their office." It was there held that the commissioners, when employed in the duties of their office on a given day, were each entitled to three dollars *per diem* fixed by the statute, regardless of the number of hours of such employment on a particular day.

See, also, *Board of Com'rs of McIntosh County v. Whitaker,* 158 Pac. (Okl.) 1136, and *Robinson v. Dunn,* 77 Cal. 473, 19 Pac. 878, 11 Am. St. 297.

Other authorities might be cited, but it is useless to multiply citations where all of the authorities, so far as we are advised, support the view that, where the statute fixes an officer's compensation at a certain sum per day, such officer performing any substantial service on a particular day has a right to the *per diem* for that day.

In the present case, we think that, under the statute, the official court reporter is entitled to the *per diem* named in the statute for every day that he is directed by the presiding judge to be in attendance upon the court, and he is, in fact, in attendance, regardless of

the period of time which such attendance for a particular day may cover. In fixing salaries and fees for the performance of public services at so much per day, the law does not consider fractions of such day.

Let the writ issue.

ELLIS, C. J., PARKER, and FULLERTON, JJ., concur.

WEBSTER, J., took no part.