

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by *IIIII-422*

Honorable Richard C. Spinn
County Attorney
Washington County
Brenham, Texas

Dear Sir:

Attention: Julian B. Wirsh

Opinion No. O-1604
Re: What amount would be proper
and just for Washington County
to pay on cost bills in con-
demnation suits as compensa-
tion to the commissioners?

With reference to your letter of October 20, 1939,
requesting an opinion from this department, we quote the
material portions thereof as follows:

"The following condemnation suits were filed
in the County Court of Travis County, Texas:

"#9246 - Tom Watson, et al
"#9247 - Mrs. Albertine Cunningham
"#9248 - Fritz Overmann, et ux
"#9249 - Hugh E. Vogelsang, et ux
"#9250 - Mrs. Maggie Blackburn, et al
"#9251 - Chas. Kasten, et ux
"#9252 - Louis Kasten, et ux

"These suits were instituted for the purpose
of securing a right of way for a State Highway.

"I have before me statements of costs render-
ed by the office of Emilie Limberg, County Clerk,
Travis County, Texas, a copy of which is enclos-
ed, and in each of the seven cases they have charg-
ed the amount of $36.00 covering 'Fees of three
(3) Special Commissioners four (4) days at $3.00
per day each.'

Honorable Richard C. Spinn, Page 2

"* * 'I would appreciate your office rendering an opinion as to what amount would be proper and just for Washington County to pay on the above mentioned cost bill as compensation to the Commissioners."

Section 10 of Article 3264, Vernon's Revised Civil Statutes, provides:

"When service of notice has been perfected, the commissioners shall at the time and place appointed or at any other time and place to which the hearing may be adjourned, proceed to hear the parties."

Section 3 of Article 3266, Vernon's Fevised Civil Statutes, provides:

"Commissioners shall receive for their services three dollars for each day they may be engaged in the performance of their duties, and may withhold their decision until their fees are paid."

Article 3267 of such statutes, relating to the award of costs, provides:

"The costs of the proceedings before the commissioners and in the court shall be determined as follows, to-wit: If the commissioners shall award greater damages than the plaintiff offered to pay before the proceedings commenced, or if objections are filed to the decision in the county court under the provisions of this title, and the judgment of the court is for a greater sum than the amount awarded by the commissioners, then the plaintiff shall pay all costs; but if the amount awarded by the commissioners as damages or the judgment of the county court shall be for the same or less amount of damages than the amount offered before proceedings were commenced, then the costs shall be paid by the owner of the property."

The Three Dollars per day allowed the commissioners under the foregoing statutes, are a part of the costs, to be taxed and paid as provided in Article 3267, supra. 16 Texas Jurisprudence, para. 145, p. 765.

By whatever term this Three Dollars per day may be called, whether considered as fees or wages, it is to be distinguished from the usual amount charged as "costs" and taxed as such. Clearly, the per diem here is allowed for services rendered and is not strictly speaking, "costs" although it is paid by one or other of the parties to the proceedings.

It has been held that statutes relating to costs in ordinary civil proceedings do not apply. See Dolores No. 2 L. & C. Co. v. Hartman, 17 Colo. 138, 29 Pac. 378; Dickens v. Amherst Water Co., 139 Mass. 210; Johnson v. A. S. Sutliss, 17 Neb. 423.

"Ordinarily day is the space of time which elapses while the earth makes a complete revolution on its axis, but artificially, it is the time between the rising and setting of the sun. And in code, No. 3825, providing that the commissioners of insanity shall be allowed at the rate of Three Dollars per day each, for the time actually employed in the duties of their office, the term is not to be so construed, and the statute entitles the commissioners to full compensation whenever they perform services on a given day, regardless of the number of hours spent in such employment. Fite v. Dallas County, 54. N. W. 368, 369, 87 Iowa 563." Words and Phrases, Vol. 2, p. 1837.

"Statute allowing appraisers of estates not to exceed Five Dollars per 'day' for services was not intended to permit appraisers to collect plurality of appraisal fees for same day's work from midnight to midnight to perform a day's service. Probate Code, No. 609; Pol. Code No. 3259 In re Roher's Estate, 58 Pac. (2d) 948, 49, 14 Calif. App. (2d) 669." Words and Phrases, Fifth Series, Vol. 2, p. 198.

"If two causes between the same parties are investigated and decided by the same arbitrators at the same time, they are entitled to be paid only for the number of days spent in the investigation of both cases, and cannot make a distinct charge, for each case. Girard

v. Hutchinson, 4 Sergeant & Rawles Reports (Pa.)
81, See also Burcher v. Scott, 1 Pa. L. J. R.
311, 2 Pa. L. J. 287." 5 Corpus Juris, para. 427
p. 174, note 9(a).

In the above case "Girard v. Hutchinson", supra,
the arbitrators met forty-two times and charged for forty-
two days, spent in the investigation of each case. The
court decided that they were only entitled to be paid for
forty-two days service as a whole, viz., twenty-one days
in each case.

While the procedural statutes under Title 52, Ver-
non's Annotated Revised Civil Statutes, are singular in
terms with reference to each proceeding being a separate
and distinct case, it was never intended by the Legisla-
ture that a plurality of Three Dollars per day compensa-
tion could be collected in more than one day. The stat-
utes are silent as to requiring different commissioners
to be appointed in each particular case. We are unable
to give a construction to the statute and the provision
"Three Dollars for each day they may be engaged in the
performance of their duties," as permitting more than the
compensation rate prescribed.

Assuming, with reference to your request, that
all awards were rendered on the fourth day and the com-
missioners during such four day period, in the performance
of their duties, were sitting in each case, the fact that
the county is charged with the costs in all seven cases
would authorize the proration of such compensation among
the seven cases.

It is, therefore, the opinion of this department
that where three commissioners, appointed under the pro-
visions of Article 3264, Vernon's Annotated Revised Civil
Statutes, in the performance of their duties render seven
awards during a period of four days, they would only be
entitled to Three Dollars per day for the four days service
rendered.

It is further our opinion that the county, under
the facts submitted, would be entitled to prorate the sum
of Thirty-six Dollars among the seven cases in which separ-
ate awards were rendered, no one case requiring a day's
service.

Honorable Richard C. Spinn, Page 5

Trusting the above answers your request, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *J. R. King*
            J. R. King
             Assistant

WLX:LL

NOV 24, 1939

*Gerald C. Mann*

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE