[No. 14028-8-III.　Division Three.　April 30, 1996.]

*In the Matter of the Marriage of* REG A. HANSEN, *Appellant,* and TRACY M. HANSEN, *Respondent.*

*Jonathan G.K. Lee* and *Lee & Michaud*, for appellant.

*Allen M. Gauper* and *Salina, Sanger & Gauper*, for respondent.

MUNSON, J. — Reg A. Hansen appeals the trial court's denial of his motion to modify the parenting plan for his daughter, Alyssia. We affirm.

The parties' marriage was dissolved by decree entered on May 31, 1991. The decree contained parenting plan provisions for the parties' daughter Alyssia, born June 4, 1988. The plan provided for joint decision making for major decisions to be made about or for the child. Alyssia was to live with Ms. Trageser, and the following provisions of the plan relate to her time with Mr. Hansen:

7. *School Year Schedules (weekdays and weekends)*: The

parties shall rely upon the School District 81 school schedule to determine the duration of Christmas/New Years vacation, and summer vacation.

8. During the school year, the following shall be the child's residential arrangements:

This schedule will operate on a twenty-eight day basis. Thus, it is not designed to apply to any particular month, but rather will be based upon a twenty-eight day rotation.

The child shall reside with the father on Sunday evenings at 5:00 through Tuesday morning, for three consecutive weeks. The father shall, at the conclusion of each week's placement, return the child to the child's day care, at a time consistent with when the mother customarily brings the child to said day care, when the child is in the mother's care. If the child continues to manifest anxiety and disturbance with this arrangement, the father shall return the child to the mother on Tuesday mornings, rather than to the day care.

On the fourth week of the twenty-eight day rotation, the child shall reside with the father commencing on Saturday, at 9:00 a.m., and concluding on Tuesday morning, on the same basis as specifically set forth above.

. . . .

10. *Holidays*: The holidays of New Years Day, Fourth of July, Labor Day, and Thanksgiving Day shall be alternated. Said days shall preempt any regular weekly placement time.

Christmas vacation shall be equally divided . . . .

11. The child shall reside with the father on Father's Day and the father's birthday.

12. The child shall reside with the mother on Mother's Day and the mother's birthday.

With respect to dispute resolution in implementing the parenting plan, the decree provided:

19. When mutual decision-making is designated, but cannot be achieved, the parties shall make a good-faith effort to resolve the dispute through the following dispute resolution

process: Spokane Dispute Resolution Center. If the parties cannot agree after making a good-faith effort, they may apply to the court for relief.

On November 4, 1993, Mr. Hansen petitioned the court for "minor adjustments" to the parenting plan pursuant to RCW 26.09.260(4).[1] He requested the modification based on the fact that Alyssia has entered school and the contact time reserved for him conflicts with the school schedule, Ms. Trageser had remarried, and more than two years had passed since the entry of the decree. Specifically, Mr.

---

[1]RCW 26.09.260 provides in part:

"(1) Except as otherwise provided in subsection (4) of this section, the court shall not modify a prior custody decree or a parenting plan unless it finds, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan, that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child.

"(2) In applying these standards, the court shall retain the residential schedule established by the decree or parenting plan unless:

"(a) The parents agree to the modification;

"(b) The child has been integrated into the family of the petitioner with the consent of the other parent in substantial deviation from the parenting plan;

"(c) The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child; or

"(d) The court has found the nonmoving parent in contempt of court at least twice within three years because the parent failed to comply with the residential time provisions in the court-ordered parenting plan, or the parent has been convicted of custodial interference in the first or second degree under RCW 9A.40.060 or 9A.40.070.

". . . .

"(4) The court may order adjustments to a parenting plan upon a showing of a substantial change in circumstances of either parent or of the child, and without consideration of the factors set forth in subsection (2) of this section, if the proposed modification is only a:

"(a) Modification in the dispute resolution process; or

"(b) Minor modification in the residential schedule that:

"(i) Does not change the residence the child is scheduled to reside in the majority of the time; and

"(ii) Does not exceed twenty-four full days in a calendar year or five full days in a calendar month; or

"(iii) Is based on a change of residence or an involuntary change in work schedule by a parent which makes the residential schedule in the parenting plan impractical to follow."

Hansen proposed that "[o]n the first, second and fourth weeks, the father shall have the child beginning after school on Fridays, until the beginning of school on Tuesday mornings."[2] He also proposed that the additional school holidays of Martin Luther King's Birthday, President's Birthday, Memorial Day, Veteran's Day, spring vacation, and other school honored holidays be alternated between the parties.

A hearing was held on March 24, 1994. At the hearing, Mr. Hansen also asked the trial court to modify the provision of the decree relating to the dispute resolution process. In denying the petition, the trial court ruled:

> The petitioner has alleged that he is seeking a minor modification, under RCW 26.09.260(4). The court finds that the alleged modification would in fact be a major modification, under RCW 26.09.260(2). The petitioner has not alleged a sufficient basis to find adequate cause exists to modify the prior parenting plan.

This appeal followed.

 A trial court's decision regarding modification of a parenting plan will not be reversed on appeal unless the court abused its discretion. *In re McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993). The trial court's factual determinations will be upheld if they are supported by substantial evidence. *McDole*, 122 Wn.2d at 610. The construction of a statute is a matter of law, and the construction given a statute by a trial court is reviewed de novo. *City of Montesano v. Wells*, 79 Wn. App. 529, 531, 902 P.2d 1266 (1995).

Although Mr. Hansen alleges the trial court made sev-

---

[2]Neither the calendar Mr. Hansen attached to his petition nor the ones included in his response brief accurately reflect the text of his request. The calendar attached to the petition appears to show the total increase in time, but not on the weeks requested by Mr. Hansen, but at the hearing Mr. Hansen's counsel did indicate any three weeks of the four-week period would be acceptable. The calendar in his reply brief shows only the requested change for two weekends, not three, and we find nothing in the record indicating Mr. Hansen told the trial court he would settle for less than the three weekends he had requested in the petition.

eral errors in construing and applying the minor modification provision, the first issue to be resolved is whether his request falls within the scope of that provision. RCW 26.09.260(4)(b) lists the three criteria for a minor modification. At issue here is whether Mr. Hansen's proposal complies with the second criteria. That is, whether his request exceeds 24 full days in a calendar year or 5 full days in a calendar month.

The term "full day" is not defined in the statute, and it is clear from the parties' arguments that they disagree as to what it means. At common law, a day was defined as the period from one midnight to the next, and any portion of a day was generally disregarded. *See, e.g., State ex rel. Greb v. Hurn,* 102 Wash. 328, 329-30, 172 P. 1147, 1 A.L.R. 274 (1918); *Ayars v. O'Connor,* 45 Wash. 132, 134, 88 P. 119 (1906). We do not believe, however, that the Legislature intended parents to transfer children, particularly young children, at midnight. It does not appear the Legislature intended changes of less than a full day to go uncounted. If so, a trial court could award numerous partial days, limited only by the restriction of RCW 26.09.260(4)(b)(i) that the award not change where the child resides the majority of the time. The only reasonable construction of "full day" would seem to be changes in the residential schedule totaling 24 hours.

Here, Mr. Hansen's proposed changes to the schedule would result in Alyssia spending about 77 additional hours or 3.2 more days per month with him. RCW 26.09.260(4) is also unclear as to how alternating holidays such as those proposed by Mr. Hansen should be addressed. We need not resolve that issue, however, because Mr. Hansen's proposed change of 3.2 days per month exceeds 24 days per year. The trial court correctly concluded it was a major modification. We need not address the other issues regarding minor modifications raised by Mr. Hansen.

A major modification requires a showing of a substantial change in circumstances. RCW 26.09.260(1). Mr. Hansen argues the fact Alyssia started school is a

substantial change in circumstances. Under RCW 26.09.260(1), a substantial change in circumstances must be a change occurring after the entry of the original decree or a fact unknown to the trial court at that time. He argued only that the fact Alyssia was beginning school was a substantial change in circumstances. The trial court determined that fact had been considered by the trial court at the time the original parenting plan was entered. We agree. Although Alyssia was only three at the time, the plan refers to the school district calendar in establishing the parenting schedule. Thus, there is substantial evidence to support the trial court's finding that the parties had anticipated that Alyssia would enter school when the plan was originally entered. Mr. Hansen did not meet the requirements for a major modification.

Mr. Hansen also contends the trial court erred in failing to consider his request to change the dispute resolution process under RCW 26.09.260(4)(a). However, his petition for modification does not include a request to change the dispute resolution process and he submitted no affidavit or other evidence indicating any problem with the existing process. The only indications it may not have been satisfactory were in his counsel's argument at the hearing. The trial court did not err in failing to address the issue.

Affirmed.

SWEENEY, C.J., and THOMPSON, J., concur.