# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CESLEE RITCHEY, | No. 47214-7-II |
| Respondent, | |
| v. | |
| FRANK RITCHEY, SR., | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, P.J. — Frank Ritchey, Sr. appeals the trial court's sua sponte order restricting his firearm safety training and firearm use with his children. This restrictive order followed Ceslee Ritchey's motion to reconsider a final parenting plan that granted Frank[1] primary care of the children. Frank argues that the trial court abused its discretion because it did not make the statutorily required findings to modify the parenting plan or to restrict his parental rights. We reverse.

## FACTS

Frank and Ceslee have five children, ranging in age from five to fourteen. In April 2010, Ceslee began the process to dissolve her marriage to Frank. The court granted Ceslee an ex parte

---

[1] The parties are referred to by their first names for clarity. No disrespect is intended.

protection order against Frank, requiring him to surrender his firearms. In May, before the protection order hearing, the court restored Frank's right to possess firearms.

In June 2014, after trial, the trial court entered a final parenting plan that declared Frank the primary residential parent. The order did not mention or restrict Frank's right to use firearms with the children nor was that an issue at trial. In July, Ceslee motioned for a new trial and for reconsideration of the parenting plan. Ceslee did not express concerns in her motion about Frank's firearms use with the children. In response to the motion, the trial court asked the parties' former guardian ad litem (GAL) to investigate Ceslee's concerns.

During the GAL's investigation, one child mentioned that Frank has "all kinds of guns" and that the child looked forward to camping and shooting with him. Clerk's Papers (CP) at 89. In her report to the trial court, the GAL recommended,

> Father should use discretion regarding hunting with the children, as most of the children are too young and lack adequate responsibility and judgment for hunting. Father should comply with all laws regarding hunting or gun use. At minimum, anyone hunting should take and pass a hunter's safety course.

CP at 79.

At the August reconsideration hearing, the court noted that firearm use was not in the motion for reconsideration and asked the GAL about the nature of the firearm use. The court then said sua sponte that in light of the GAL report and although neither party briefed the issue, it would review whether Frank could use firearms with the children. The GAL testified that the children and parents lacked adequate judgment to use guns. Frank argued that as a military member experienced in using and teaching others to use firearms, he safely instructed his children to use firearms as a bonding activity and that the court should not restrict this activity when no one alleged it was unsafe. Ceslee said nothing about the firearms. The court denied Ceslee's motion to

2

reconsider the residential arrangement, noted Frank's firearm possession had been restricted and restored in 2010, and set a review hearing for October to discuss firearm use. The court restricted Frank from using firearms with the children until that review.

In October, Frank motioned to remove the temporary firearm restriction. Frank argued that (1) he had extensive training with firearms, (2) he engaged in safety measures when he took the children camping or to a shooting range, (3) the children should learn gun safety before age 14, at which time they could hunt unaccompanied under RCW 9.41.042(5), and (4) shooting was fun for the children and a tradition in their family. Frank also argued that the law permitted firearm use by the children, the court could disregard the GAL's recommendation about firearm use, and there was no evidence supporting the restriction. Ceslee did not respond to Frank's motion to lift the firearm restriction.

Ceslee stated that the older children could use firearms and that she preferred that the younger children use BB guns. The GAL said her concerns were alleviated by Frank's motion and testimony and that the children should be allowed to go shooting as long as there were safety measures in place. The court ruled that in light of its concerns about the parents' emotional stability and their ability to provide basic care to the children, it would continue the firearm restriction. The court entered a "temporary" order prohibiting Frank from taking the children to shoot or teaching them firearm safety. The order states, "The court does not feel it is necessary or appropriate that the children have access to guns at this time. The court did not base its decision off any findings regarding the father's ability to teach the children proper gun safety or any issue with their prior use of guns." CP at 167. The order has no expiration date and the court did not set a future review proceeding on this matter. Frank appeals.

3

ANALYSIS

Frank argues that the trial court abused its discretion when it entered the temporary order restricting his firearms use with his children because it did so without making proper findings as required by RCW 26.09.260(10) and it did so without identifying a harm the restriction sought to prevent as required by RCW 26.09.191(3).[2] We agree.

We review a trial court's rulings on parenting plan provisions for abuse of discretion. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997). A court abuses its discretion if it fails to follow the statutory procedures set out in RCW 26.09.260 or modifies a parenting plan for reasons other than the statutory criteria. *In re Marriage of Watson*, 132 Wn. App. 222, 230, 130 P.3d 915 (2006).

RCW 26.09.260 sets out the procedures and criteria to modify a parenting plan and limits the court's range of discretion. *See In re Parentage of C.M.F.*, 179 Wn.2d 411, 419, 314 P.3d 1109 (2013). Under RCW 26.09.260(10), the court may adjust any nonresidential aspects of a parenting plan "upon a showing of a substantial change of circumstances of either parent or of a child, and the adjustment is in the best interest of the child." Modifications include any reductions to rights originally granted to a party. *In re Marriage of Coy*, 160 Wn. App. 797, 804, 248 P.3d 1101 (2011) (citing *Rivard v. Rivard*, 75 Wn.2d 415, 418, 451 P.2d 677 (1969)). Any modification, however slight, requires independent inquiry by the trial court. *Coy*, 160 Wn. App. at 804.

---

[2] Frank also argues that the trial court lacked the authority to sua sponte impose the restriction. Because we conclude the restrictions were improper based on statutory requirements, we need not address Frank's additional sua sponte argument.

A "substantial change in circumstances" justifying modification must be a change occurring after entry of original decree or a fact unknown to the trial court at that time. *In re Marriage of Hansen*, 81 Wn. App. 494, 500, 914 P.2d 799 (1996). The best interests of the child are served by parenting arrangements that best maintain a child's emotional growth, health and stability, and physical care. RCW 26.09.002. And the best interest of the child is ordinarily served when the existing pattern of interaction between a parent and child is altered only to the extent necessitated by the changed relationship of the parents or as required to protect the child from physical, mental, or emotional harm. RCW 26.09.002.

RCW 26.09.191(3) is a discretionary provision that permits a trial court to restrict a parent's actions. *In re Marriage of Katare*, 125 Wn. App. 813, 825, 105 P.3d 44 (2004).[3] A court may not impose restrictions in a parenting plan without express findings under RCW 26.09.191(3) and any restrictions imposed must be reasonably calculated to address an identified harm. *Katare*, 125 Wn. App. at 826.

Frank and his children have a statutory right to possess and use firearms under RCW 9.41.042.[4] Because the final parenting plan did not contain any restriction of this right and the

---

[3] Under RCW 26.09.191(3), the court may preclude or limit any provisions of the parenting plan including a parent's conduct, if any of seven factors exist including an unlisted factor or conduct that the court expressly finds adverse to the best interests of the child. RCW 26.09.191(3)(g).

[4] Firearm use and possession by children under age 18 is authorized

> (5) [i]n an area where the discharge of a firearm is permitted, is not trespassing, and the person either: (a) Is at least fourteen years of age, has been issued a hunter safety certificate, and is using a lawful firearm other than a pistol; or (b) is under the supervision of a parent, guardian, or other adult approved for the purpose by the parent or guardian; [and]
>
> . . . .

court's later order reduced this right, the restriction constitutes a modification of the parenting plan. *Coy*, 160 Wn. App.at 804.

First, the trial court failed to make proper findings as required to modify the parenting plan under RCW 26.09.260(10). The trial court made no finding whether the firearm use represents a "substantial change in circumstances." *Hansen*, 81 Wn. App. at 500. While the GAL testified in August that the children and parents lacked adequate judgment to use guns, she did not offer evidence that this family's use of guns was new. Indeed, the evidence before the court was that firearm use is a traditional, positive bonding activity for the family. The trial court noted that this issue was not mentioned in Ceslee's motion and asked the GAL about the nature of the firearm use, thus indicating that the firearm use may have been a fact unknown to the trial court at the time it entered the parenting plan. *Hansen*, 81 Wn. App. at 500. But even assuming that the firearm use was a substantial change in circumstances because it was a fact unknown to the trial court, the court did not enter any findings about how the firearm restriction was in the best interest of the children. *Coy*, 160 Wn. App. at 804.

Here, the court stated it was acting with concern for the children's basic care. But the court did not make any findings that the restriction ensured the children's emotional growth, health and stability, and physical care or how it would protect the children from physical, mental, or emotional harm. RCW 26.09.002. In other words, the trial court did not state how firearm use and safety training took away from the children's basic care or safety, nor how the restriction would be in the

---

(7) [o]n real property under the control of his or her parent, other relative, or legal guardian and who has the permission of the parent or legal guardian to possess a firearm.

RCW 9.41.042.

best interests of the children. Thus, we conclude that the trial court failed to make the findings required to modify the parenting plan under RCW 26.09.260(10) to restrict Frank's rights. *Coy*, 160 Wn. App.at 804.

Second, the trial court failed to make findings regarding how the firearm restriction was reasonably calculated to address an identified harm as required by RCW 26.09.191(3). *Katare*, 125 Wn. App. at 826. The court said it imposed the restriction in light of its concerns about the parents' emotional stability and their ability to provide basic care to the children. But the court made no findings about how the restriction was reasonably calculated to address these concerns. While the court noted that Frank had a 2010 firearm restriction as a result of a protection order, it also noted his rights were quickly restored and did not make findings that this past restriction, or any other evidence of the parent's emotional instability or conflict, rose to such a level that Frank's firearm use could harm the children. Indeed, even the order states that the court "did not base its decision off any findings regarding the father's ability to teach the children proper gun safety or any issue with their prior use of guns." CP at 167. Thus, the trial court made no findings that this activity previously placed the children in harm's way or detracted from the parent's basic care of the children. The trial court did not make any findings under any of the RCW 26.09.191(3) factors as required to impose a parenting restriction nor did it state how the restriction was reasonably calculated to address an identified harm. We conclude that it was not a proper restriction under RCW 26.09.191(3). *Katare*, 125 Wn. App. at 825-26.

We hold that the trial court abused its discretion because it did not make the statutorily required findings to modify the parenting plan nor to impose parenting restrictions. *Watson*, 132 Wn. App. at 230; *Katare*, 125 Wn. App. at 825-26.

7

No. 47214-7-II

We reverse and vacate the order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, P.J.

We concur:

LEE, J.

SUTTON, J.