IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 34668-4-III |
| | ) | |
| CAMILLA R. EKSTROM | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| TODD A. EKSTROM, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Todd Ekstrom appeals a trial court order modifying his

children's residential schedule and awarding attorney fees and retroactive child support to

Camilla Ekstrom (n/k/a Camilla Heath).  We affirm the trial court's order of modification,

but reverse the award of fees and retroactive support.

FACTS

As part of a 2010 marital dissolution order, a parenting plan was adopted and approved for the parties' children. Under the plan, the children primarily reside with Ms. Heath, but each parent has significant residential time. Of significance to this appeal, the parenting plan provided Mr. Ekstrom one overnight visit with his children during each week of the school year (4:30 p.m. on Wednesday until 7:00 a.m. on Thursday).

In 2013, a temporary order was entered, reducing Mr. Ekstrom's child support obligation due to unemployment. The order contains a provision requiring that Mr. Ekstrom give notice to Ms. Health of any change in his employment status. It states, "Father shall provide notice of employment [within] 48 hours." Clerk's Papers (CP) at 74. No further explanation is provided.

In 2016, Ms. Heath filed a motion to determine child support and make adjustments to the parenting plan. In her motion, Ms. Heath made two requests that are pertinent to this appeal. First, she requested the court terminate Mr. Ekstrom's Wednesday overnight visits. In her supporting declaration, Ms. Heath explained the children were often tired, their performance in school was suffering because of the long

drive from Mr. Ekstrom's residence[1] to their school, and the overnight time interfered

with the children's participation in extracurricular activities. Second, Ms. Heath

requested a retroactive award of increased child support benefits because Mr. Ekstrom

failed to advise her that he had obtained employment. Ms. Heath acknowledged Mr.

Ekstrom had claimed to have provided her oral notice within 48 hours. However, Ms.

Heath disputed the veracity of this claim and also argued verbal notice was inadequate to

comply with the terms of the court's temporary order.[2]

On May 3, 2016, the trial court held an initial hearing on Ms. Heath's motion.

After hearing from the parties, the court determined it would treat the motion as a petition

for minor modification and that there was adequate cause to proceed with a full hearing

on the petition. The court then set the matter over to deal with what changes should be

made, including the issue of Wednesday overnights. The court indicated that changing

Wednesday overnight visits would only constitute a minor modification, but that if Mr.

---

[1] Mr. Ekstrom claimed throughout these proceedings he resided in Davenport, but Ms. Heath argued he primarily lived in Spokane and had the boys there for overnights. The distance from Mr. Ekstrom's home in Spokane to the boys' school is 59 miles, and the distance from Mr. Ekstrom's work address is 67 miles.

[2] According to Mr. Ekstrom, he obtained new employment on June 2, 2014, and provided an oral advisement to Ms. Heath on June 4, 2014. Ms. Heath does not deny being aware of Mr. Ekstrom's employment for a substantial period of time. However, she disputes Mr. Ekstrom's claim that he orally advised her of his employment.

3

Ekstrom disagreed he could bring the matter up with the court. The case was then scheduled for further proceedings on June 1, 2016.

Prior to the June 1 hearing, the parties submitted additional written documentation. Nothing was submitted with respect to the Wednesday overnights. Nor did Mr. Ekstrom file any paperwork requesting that the court consider the matter as a petition for major modification.

At the June 1 hearing, Ms. Heath's attorney orally addressed the issue of eliminating Wednesday overnight visits. Mr. Ekstrom's attorney objected, claiming that the court had previously made "very clear" it was "not going to be addressing the Wednesday nights" at the June 1 hearing because the court had agreed only to consider minor modifications. CP at 547. The trial court disagreed with counsel's understanding of the record. Although the court maintained it was only considering a minor modification, this context did not prohibit altering the Wednesday overnight schedule. The court ultimately took the matter under advisement.

In a memorandum opinion, the trial court stated minor modifications to the residential schedule were permitted under RCW 26.09.260(5)(a) and (b). The trial court accepted Ms. Heath's representations that Mr. Ekstrom's primary residence was in Spokane and that it was not feasible for the boys to travel back and forth from Mr.

4

Ekstrom's residence on school nights. Based on this change in circumstances, the court

eliminated Wednesday overnight visits during the school year, which was estimated to

constitute approximately 36 overnights. The court wrote that the loss of overnights would

be offset by additional time in the summer months and spring break.

In addition to addressing the residential modifications, the trial court also ruled

Mr. Ekstrom had not provided Ms. Health adequate notice of his new employment.

According to the court, an oral advisement was "insufficient." CP at 403. Based on

Mr. Ekstrom's failure to provide adequate notice of his change in employment, the court

awarded Ms. Heath $500 in attorney fees and approximately five months of retroactive

child support.

Mr. Ekstrom appeals.

ANALYSIS

*Modification of residential plan*

Modification of a parenting plan is statutorily prescribed by RCW 26.09.260.

A parent seeking modification must meet specific evidentiary hurdles. For a minor

modification that does not change a child's primary residence, the parent must show a

substantial change of circumstances and that modification is in the child's best interests.

RCW 26.09.260(1), (5). In addition, the minor modification must meet at least one of the

following three criteria: (a) the requested residential changes would not exceed 24 full days in a calendar year, (b) the current plan is impractical because of a change in residence by the non-primary parent or an involuntary change in work schedule by either parent, or (c) (subject to additional restrictions) the current schedule does not provide reasonable time with the non-primary parent. RCW 26.09.260(5). A modification request that does not qualify as minor is deemed a "major modification" and additional evidentiary hurdles are required. RCW 26.09.260(2).

Viewed under the abuse of discretion standard, *In re Marriage of Hansen*, 81 Wn. App. 494, 498, 914 P.2d 799 (1996), we find no error in the trial court's minor modification order. The facts submitted by Ms. Heath indicated Mr. Ekstrom's change in residence from Davenport to Spokane was an unanticipated circumstance that had a negative impact on the children's well-being. This information, alone, warranted a minor modification under RCW 26.09.260(5)(b). It was therefore unnecessary to limit the overall change in residential schedule to 24 full days per year. RCW 26.09.260(5)(a).

Although the court was not required to limit the overall change in residential schedule, it did so out of fairness to Mr. Ekstrom. Because the court eliminated Wednesday overnights during the school year, Mr. Ekstrom's annual time with his

6

children was reduced by 21.75 days. [3] This period (which is already less than the 24-day

minor modification threshold) was offset by additional time granted to Mr. Ekstrom

during spring break and the summer.[4] Accordingly, even though the trial court did not

need to confine its order to the 24-day limit specified by RCW 26.09.260(5)(a), it did so

anyway. A minor modification was justified under RCW 26.09.260(5)(a) and (b).

Because elimination of Wednesday overnights constituted only a minor

modification of the parenting plan, the trial court was authorized to proceed with the

modification based on its May 1, 2016, adequate cause determination. RCW 26.09.270.

No further proceedings were required by either statute or due process.

*Retroactive award of child support and $500 in attorney fees*

A trial court's decision on modification of child support is reviewed for abuse of

discretion, as is a trial court's decision for an award of attorney fees. *In re Marriage of*

---

[3] The modified order eliminated Mr. Ekstrom's Wednesday overnight visits during the school year. Each visit from 4:30 p.m. to 7:00 a.m. totaled 14.5 hours. In Washington, a school year generally comprises 180 days. RCW 28A.150.203, .220. This translates to 36 five-day weeks. The number of 24-hour days lost by eliminating 36 of Mr. Ekstrom's 14.5-hour visits is 21.75 ((36 x 14.5) ÷ 24 = 21.75).

[4] The trial court added 2.5 days per year to Mr. Ekstrom's schedule during spring break. The court also indicated the changes to the summer schedule resulted in a net benefit to Mr. Ekstrom. However, given the lack of specifics regarding summer calendars in the record, we are unable to calculate the exact number of days gained by Mr. Ekstrom.

*Mattson*, 95 Wn. App. 592, 602, 976 P.2d 157 (1999) (child support); *In re Marriage of*

*Crosetto*, 82 Wn. App. 545, 563, 918 P.2d 954 (1996) (attorney fees).

Mr. Ekstrom argues the trial court abused its discretion in making the modified

child support amount retroactive to January 1, 2016, rather than prospectively from the

date of the decision (June 9, 2016). He asserts that no evidence in the record justifies

such a decision, and he fully complied with the 2013 order to notify Ms. Heath of new

employment. Mr. Ekstrom relies on the same argument to attack the award of attorney

fees, asserting Ms. Heath did not have to subpoena his financial records, and he should

not have to pay for action that was unnecessary.

Mr. Ekstrom's position is persuasive. The trial court's order regarding fees and

retroactive child support was based solely on Mr. Ekstrom's purported violation of the

2013 support order.[5] But that order did not require Mr. Ekstrom to provide written, as

opposed to oral, notice of a change in employment. Written notice may have been

preferable, and it may have protected Mr. Ekstrom from later claims of misconduct, but it

was not required by the plain terms of the court's order. Mr. Ekstrom should not have

been penalized for violating the expectations set by the 2013 order when those

---

[5] Contrary to Ms. Heath's representations, the trial court did not otherwise find Mr. Ekstrom had been intransigent.

expectations were not reduced to writing. Accordingly, the trial court abused its discretion in holding Mr. Ekstrom violated the terms of the 2013 order by merely providing Ms. Heath oral notification of his change in employment.

## CONCLUSION

We affirm the modification of the residential schedule but remand to strike the $500 attorney fee award and to change the modified child support start date to June 9, 2016. Because the parties have each prevailed on an issue on appeal, we decline to award fees or costs to any party.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, A.C.J.

WE CONCUR:

_____   _____
Siddoway, J.                           Fearing, J.